## 67466. KING v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant was indicted and convicted on February 14, 1983, for possession of a firearm by a convicted felon in violation of OCGA § 16-11-131 (Code Ann. § 26-2914), which has an authorized punishment of one to five years. The conviction alleged and proved as an element of the offense was motor vehicle theft with a sentence of confinement to a penal institution. On April 6 the trial court sentenced defendant to three years, to be served on probation. During the sentence proceedings no mention was made by the court or the state of sentencing defendant as a repeat offender. Thereafter, the state filed a motion to vacate the sentence as void, on the ground that OCGA § 17-10-7 (a) (Code Ann. § 27-2511) requires that a repeat offender be sentenced to the maximum punishment for the offense, which is five years. On May 31, the court granted the state's motion and sentenced defendant to five years, to be served on probation. Defendant appeals the increase in the sentence. *Held:*

This appeal raises the first impression issue of whether the state can use the prior felony conviction required to convict a convicted felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence to the maximum punishment for the offense under the repeat offender statute.

OCGA § 17-10-7 (a) (Code Ann. § 27-2511) was in effect when the General Assembly enacted OCGA § 16-11-131 (Code Ann. § 26-2914), possession of a firearm by a convicted felon, in 1980. If the General Assembly intended that repeat offender punishment be applied to possession of a firearm by a convicted felon, then every conviction for that offense could result in a minimum punishment of five years, thus rendering the authorized punishment for the offense of one to five years meaningless.

A legislative Act should not be so construed as to render it meaningless. *Scott v. Mayor &c. of Mt. Airy,* 186 Ga. 652, 653 (198 SE 693).

"The cardinal rule in the construction of legislative enactments is to ascertain the true intention of the General Assembly in the passage of the law. [Cit.] All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts. [Cits.]" *Plantation Pipe Line Co. v. City*

*of Bremen,* 227 Ga. 1, 9 (178 SE2d 868).

"When statutes are in conflict, the courts are bound to abide by the most recent legislative expression [cit.] . . ." *Simmons v. State,* 148 Ga. App. 317, 318 (251 SE2d 167).

"[C]riminal statutes must be strictly construed against the state and liberally in favor of human liberty. [Cit.] If a statute increasing a penalty is capable of two constructions, it should be construed so as to operate in favor of life and liberty. [Cit.]" *Knight v. State,* 243 Ga. 770 (2), 775 (257 SE2d 182).

A court in Texas, under substantially the same circumstances, has held that where a prior felony conviction is used as an element of the offense of unlawful possession of a firearm by a convicted felon, that conviction cannot be again used to enhance punishment under a repeat offender statute. Ramirez v. State, 527 SW2d 542 (Tex. Crim. 1975).

We conclude that the General Assembly did not intend that the allegation and evidence of a prior felony conviction, necessary for conviction under OCGA § 16-11-131 (Code Ann. § 26-2914), could also be used to punish a defendant as a repeat offender under OCGA § 17-10-7 (a) (Code Ann. § 27-2511); and did intend that the punishment provisions established for the offense be the only standard applied in sentencing.

Therefore, since the original sentence was not void, the trial court erred in vacating it and imposing a sentence in accordance with OCGA § 17-10-7 (a) (Code Ann. § 27-2511). The present sentence is reversed and the trial court is directed to reinstate the original sentence.

*Judgment of sentence reversed with direction. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 4, 1984.

*John R. Francisco,* for appellant.
*Willis B. Sparks III, District Attorney, G. F. Peterman III, Assistant District Attorney,* for appellee.