A93A0974. NELSON v. THE STATE.
(435 SE2d 750)

JOHNSON, Judge.

Michael J. Nelson appeals from his convictions of rape and robbery and the denial of his motion for a new trial.

1. Nelson contends that the State failed to establish venue in Sumter County, where he was tried. Despite this contention, Nelson does not suggest that venue was proper in some other county. "Generally, criminal actions must be tried in the county where the crime was committed. And, venue must be established beyond a reasonable doubt. However, when the evidence is not conflicting and when no challenge to venue is raised at trial, slight evidence is sufficient to prove venue." (Citations and punctuation omitted.) *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988). Nelson did not raise a challenge to venue at his trial. The State's evidence shows that the victim was attacked at the corner of Ashby Street and Pine Street in Americus, Georgia. Nelson denies attacking the victim at that or any other location, but claims that on the date in question he and the victim had consensual sex at another location in Americus. The incident was investigated by the Americus Police Department and the victim was taken to Sumter Regional Hospital for treatment. This court takes judicial notice of the fact that Americus is located entirely in Sumter County. See *Brown v. State*, 205 Ga. App. 31 (421 SE2d 340) (1992); *Widner v. State*, 203 Ga. App. 823, 824 (3) (418 SE2d 105) (1992). The evidence was sufficient to establish venue in Sumter County beyond a reasonable doubt.

2. Nelson complains that the court improperly allowed the State to attempt to show that he was in jail at the time of the trial by cross-examining him about the last time he had seen his girl friend. Nelson, however, did not raise this objection at trial; rather, he merely objected to the State's line of questioning as irrelevant. "Where an en-

tirely different objection is presented on appeal, we cannot consider it because this is a court for review and correction of error committed in the trial court. It is well established that appellate courts may not consider objections to evidence not raised at trial." (Citations and punctuation omitted.) *Walls v. State*, 204 Ga. App. 348, 349 (2) (419 SE2d 344) (1992). Even if we could consider the argument raised on appeal, it is wholly without merit because Nelson never testified that he was in jail at the time of his trial. The trial court did not abuse its discretion in overruling Nelson's objection to the evidence as irrelevant. *Parnell v. State*, 204 Ga. App. 488 (2) (420 SE2d 42) (1992).

3. Nelson argues that the court erred in failing to conduct an in camera hearing, as required by OCGA § 24-2-3, to examine his offer of proof of the victim's past sexual behavior. This argument is without merit. The record reveals that outside the jury's presence, Nelson's attorney stated in his place to the court that Nelson would testify that he and the victim had consensual sex two months before the date the victim was attacked and that another witness would testify that he saw the prior consensual sex between Nelson and the victim. Nelson made no other offer of proof; he never asked the court to allow either himself or the independent witness to testify at the in camera hearing. The trial judge ruled that he would allow Nelson's proffered testimony, but reserved ruling on whether he would admit the independent witness' testimony; the judge stated that at the time the independent witness was called Nelson could make a proffer of the anticipated testimony and the judge would then rule on its admissibility. Thereafter, Nelson testified in front of the jury that he had consensual sex with the victim two months before the attack. Nelson, however, never called the independent witness and never made a proffer of that witness' anticipated testimony. "If defendant desired a more formal hearing and an opportunity to present witnesses (instead of stating in his place what the evidence would show) he should have insisted upon doing so. Instead, defendant went along with the trial court's in camera format without objection." *Ford v. State*, 189 Ga. App. 395 (1) (376 SE2d 418) (1988). Under these circumstances, the court committed no error.

4. Nelson claims that the court erred in sentencing him as a recidivist under OCGA § 17-10-7 (b), which provides, "Any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state other than a capital felony, must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." Here, the State proved that Nelson has previously been convicted of theft by conversion, driving after being declared an habitual violator and possession of a

firearm by a convicted felon. Nelson relies on *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984), to argue that possession of a firearm by a convicted felon cannot be used as one of the three prior offenses for sentencing as a recidivist under OCGA § 17-10-7 (b). This argument is wholly without merit because *King* does not stand for the proposition that possession of a firearm by a convicted felon cannot be used as one of the three prior offenses under OCGA § 17-10-7 (b); rather it stands for the proposition that the underlying felony used to convict a defendant of possession of a firearm by a convicted felon cannot also be used to enhance the defendant's punishment as a repeat offender under OCGA § 17-10-7. Id. at 445; *State v. Freeman*, 198 Ga. App. 553 (402 SE2d 529) (1991). In the instant case, the underlying felony used to convict Nelson of being a felon in possession of a firearm is burglary. The State has not used Nelson's burglary conviction to enhance his punishment as a repeat offender. The trial court did not err in considering Nelson's conviction of possession of a firearm by a convicted felon as a prior felony for sentencing under OCGA § 17-10-7.

*Judgment affirmed. McMurray, P. J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED SEPTEMBER 13, 1993.

*T. Lee Bishop, Jr.*, for appellant.
*John R. Parks, District Attorney*, for appellee.