## A96A0511. KNIGHT v. THE STATE.
(470 SE2d 486)

JOHNSON, Judge.

Gus Knight was convicted of selling cocaine. The trial judge sentenced Knight to the maximum term of 30 years imprisonment as authorized by OCGA § 16-13-30 (d). Knight appeals, arguing that the judge failed to exercise his discretion to probate part of the sentence and failed to give Knight an opportunity to present mitigating evidence as to why part of the sentence should be probated. These arguments are not supported by the record.

The trial transcript shows that after the jury returned its guilty verdict, the judge said he would hear any evidence in mitigation or aggravation of punishment. Rather than offering mitigating evidence as requested by the judge, Knight asked that the jury be polled, and the court granted that request. After the jury was polled, the State introduced evidence of Knight's two prior felony convictions of theft by taking and burglary. At that point, Knight introduced no evidence and made no argument in mitigation of the sentence. The judge ruled that he must impose the full thirty-year sentence because Knight is a felony recidivist. Knight then asked the court to consider probating part of the sentence. The judge responded: "The Court will give that some consideration, but that's what the law says." The judge then informed Knight of his appeal rights, after which Knight again asked the court to consider probating part of the sentence. The judge stated: "Well, you gentlemen give that some consideration and get back to me on it if you care to." There is no evidence in the record that Knight thereafter presented any proof or argument to the court that his sentence should be partially probated.

OCGA § 17-10-7 (a) provides that "any person convicted of a felony offense in this state . . . and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense." In the instant case, because Knight had two prior felony convictions, the trial court was required to sentence Knight to undergo the full thirty-year period prescribed for punishment of selling cocaine. Moreover, nothing in the record indicates that the judge did not exercise his discretion in considering whether to probate a portion of that maximum sentence. On the contrary, the transcript demonstrates that the judge asked Knight if he had any evidence in mitigation of the sentence and the judge said he would consider probating part of the sentence.

"Knowing that it was required to impose the maximum sentence, the trial court obviously would not have inquired about mitigating evidence unless it was prepared to consider that evidence in connection with probation or suspension of the maximum sentence. It is only where the trial court has a legal discretion to exercise but fails to do so, instead resting the decision upon an erroneous point of law, that reversal must follow. In the absence of any affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing appellant's sentence." (Citations, punctuation and emphasis omitted.) *Cox v. State*, 205 Ga. App. 375, 376 (2) (422 SE2d 68) (1992). Because Knight has made no affirmative showing that the trial court failed to exercise its discretion or to give Knight a chance to present evidence in mitigation of the sentence, we must uphold the sentence. See *Wallace v. State*, 216 Ga. App. 718, 720-721 (5) (455 SE2d 615) (1995).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED APRIL 1, 1996.

*M. Ross Becton, Jr.*, for appellant.

*Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney*, for appellee.