A04A0865. HEADSPETH v. THE STATE.
(597 SE2d 503)

ELDRIDGE, Judge.

A Douglas County jury found Charles Headspeth guilty of armed robbery, three counts of aggravated assault, three counts of kidnapping, theft by receiving stolen property, possession of a firearm during the commission of a felony, and obstruction of an officer, which charges arose from Headspeth's participation in the armed robbery of the Brookwood Exxon Kwik Mart convenience store located at the intersections of Burnt Hickory and Midways Roads in Douglasville. Without challenging the sufficiency of the evidence against him, which included an apparently clear videotape of the incident and his detailed confession, Headspeth appeals and claims that the trial court erred by failing to merge certain convictions for purposes of sentencing and that the trial court erred when it imposed a recidivist sentence under OCGA § 17-10-7 (c) in the absence of three prior felony convictions. Based upon the record and the arguments of the parties, we find as follows.

(a) The State concedes that Headspeth's conviction on Count 3 of the indictment should have been merged with his conviction on Count 1 for purposes of sentencing. Accordingly, Headspeth's sentence under Count 3 is hereby vacated.

(b) Likewise, the State concedes that Headspeth's convictions on Counts 4 and 5 of the indictment should have been merged with his

convictions on Counts 7 and 8 for purposes of sentencing. Accordingly, the sentences imposed under Counts 4 and 5 are hereby vacated.

(c) Headspeth was sentenced as a recidivist under OCGA § 17-10-7 (c). In essence, OCGA § 17-10-7 (c) states that any person convicted of three prior felonies, upon conviction of a fourth felony, must serve the maximum time provided in the sentence of the judge "and shall not be eligible for parole until the maximum sentence has been served." One of the three prior felony convictions introduced against Headspeth to support such recidivist sentencing was a first offender sentence pursuant to OCGA § 42-8-65. However, it is undisputed that, at the time of sentencing in this case, the period of probation imposed under Headspeth's prior first offender sentence had expired. No revocation had occurred, and discharge was thus automatic upon the expiration of the probationary period.[1] Accordingly, Headspeth's prior first offender sentence was not a felony "conviction" and could not be used to support the imposition of a recidivist sentence under OCGA § 17-10-7 (c).[2] We reject the State's argument that the failure to object in the court below results in a waiver of this issue. Without three prior felony convictions, imposing a recidivist sentence on Headspeth pursuant to OCGA § 17-10-7 (c) is imposing a sentence that the law will not allow, and a challenge to such void sentence cannot be waived by the failure to object.[3] Headspeth's illegal recidivist sentence under the remaining counts must be vacated, and this case remanded for resentencing on those counts pursuant to OCGA § 17-10-7 (a).

*Judgment affirmed. Sentences on Counts 3, 4, and 5 vacated and case remanded for resentencing on remaining counts as directed above. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 19, 2004.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, James E. Barker, Paul J. Miovas, Jr., Assistant District Attorneys*, for appellee.

---

[1] *State v. Mills*, 268 Ga. 873 (495 SE2d 1) (1998).
[2] *Davis v. State*, 273 Ga. 14 (537 SE2d 663) (2000).
[3] *Curtis v. State*, 275 Ga. 576, 577-578 (1) (571 SE2d 376) (2002).