## A04A1406. COPELAND v. THE STATE.
### (604 SE2d 223)

SMITH, Chief Judge.

Elmore Copeland was found guilty by a Clayton County jury of two counts of forgery. After this court affirmed his conviction in *Copeland v. State*, 248 Ga. App. 346 (546 SE2d 351) (2001), he filed a motion to correct a void sentence, which the trial court denied. Copeland's motion for an out-of-time appeal from that order was denied; in *Copeland v. State*, 264 Ga. App. 905 (592 SE2d 540) (2003), we reversed that decision, and this appeal followed. Copeland, appearing pro se, argues that the State failed to give notice of its intent to present evidence in aggravation of punishment and that the trial court erred in considering two of his prior convictions for sentencing purposes. For the reasons stated below, we affirm.

1. Copeland first argues that the State failed to give proper notice of its intent to use his prior convictions as evidence in aggravation. But, as Copeland's trial counsel apparently acknowledged, the record contains several copies of the State's notice of intent to seek recidivist punishment under OCGA § 17-10-7. While one copy was filed in open court on April 26, apparently "during the opening proceedings," another copy was filed two days earlier.[1] This notice was sufficient under OCGA § 17-10-2 (a). *Moss v. State*, 206 Ga. App. 310, 312 (5) (425 SE2d 386) (1992). Moreover, while Copeland relies on *Queen v.*

---

[1] Copeland also argues that his trial counsel's acknowledgment at trial that the State gave proper notice constituted "insufficiency of counsel," but acknowledging a fact that appears on the face of the record is not ineffective assistance of counsel. See *Pendleton v. State*, 184 Ga. App. 358, 359-360 (1) (361 SE2d 663) (1987) (failure to assert frivolous objections not ineffective).

*State*, 131 Ga. App. 370, 373 (4) (205 SE2d 921) (1974), "any holding in *Queen* that notice on the day of trial is insufficient compliance with the statute has been obviated by the Supreme Court's decision in *Corbett v. State*, 233 Ga. 756 (213 SE2d 652) (1975)." (Citation omitted.) *Williams v. State*, 162 Ga. App. 120 (2) (290 SE2d 341) (1982).

2. Copeland also contends that the trial court erred in considering for sentencing purposes his earlier convictions for armed robbery and aggravated assault, because those convictions formed the basis of his earlier prosecution for possession of a firearm by a convicted felon. Relying on *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984), he argues that once those felony convictions were employed as the basis for a prosecution under OCGA § 16-11-131, they were "used up" and could no longer be employed for any purpose, including aggravation of punishment under OCGA § 17-10-7 in a later prosecution. This argument is incorrect.

In *King*, we held that the State may not use the same prior felony conviction required to convict a convicted felon for being in possession of a firearm to enhance the sentence for possession of a firearm by a convicted felon under the repeat offender statute *in the same prosecution*. We reasoned that "[i]f the General Assembly intended that repeat offender punishment be applied to possession of a firearm by a convicted felon, then every conviction for that offense could result in a minimum punishment of five years, thus rendering the authorized punishment for the offense of one to five years meaningless." Id. at 444.

But "[t]hat is not what happened to [appellant]. He, as was Nelson in *Nelson v. State*, 210 Ga. App. 249, 251 (4) (435 SE2d 750) (1993) [(physical precedent only)], was charged with a subsequent offense in which the prior possession of a firearm conviction was used as one of the required felonies for recidivist punishment. There was no error." *Knight v. State*, 257 Ga. App. 470, 473 (3) (571 SE2d 397) (2002). Copeland was charged with forgery, not with possession of a firearm by a convicted felon. His conviction on the firearms charge was unrelated to the offense for which he was convicted, and neither the firearms charge nor his other prior felonies were "used up" in the guilt-innocence phase of his trial so as to be unavailable for use in sentencing.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 17, 2004 —
RECONSIDERATION DENIED SEPTEMBER 2, 2004 —

Elmore Copeland, *pro se.*

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney,* for appellee.