## A05A0998. ARKWRIGHT v. THE STATE.
### (620 SE2d 618)

JOHNSON, Presiding Judge.

In this appeal, we consider whether the trial court erred by allowing the state to use a prior felony conviction to prove the offense of possession of a firearm by a convicted felon, then permitting the state to use that same prior conviction to seek recidivist treatment in sentencing. We hold that the state could not properly use the prior conviction for both purposes. Therefore, we affirm the convictions but vacate the sentences and remand the case for resentencing in accordance with this opinion.

After the first phase of a bifurcated jury trial, Bobby Lee Arkwright was found guilty of hijacking a motor vehicle, armed robbery, battery, possession of a firearm during the commission of a crime (hijacking a vehicle), and possession of a firearm during the commission of a crime (armed robbery). During the second phase of the trial, the state sought to prove the charge of possession of a firearm by a convicted felon. To support that charge, the state introduced Exhibit 14, which was a certified copy of Arkwright's prior felony conviction of possession of marijuana with intent to distribute. The jury found him guilty of possession of a firearm by a convicted felon. The court entered judgments of conviction on the verdict.

At sentencing, the state again introduced Exhibit 14, this time to support recidivist treatment under OCGA § 17-10-7 (a).[1] The trial court expressly treated Arkwright as a recidivist and imposed the maximum sentence for each of the felonies. Arkwright filed an application for sentence review and a motion for new trial. The trial court resentenced Arkwright, but only dropped recidivist punishment for the possession of a firearm by a convicted felon charge. The sentences on the other convictions were not changed.

1. Arkwright contends the trial court erred in sentencing him as a recidivist based on the prior felony conviction when the state had already used the conviction to prove the charge of possession of a firearm by a convicted felon.[2] We agree.

Where the state proves a defendant's prior felony conviction for the purpose of convicting him of being a convicted felon in possession of a firearm, it may not also use that prior conviction in aggravation of punishment.[3] This Court has previously determined that the legislature did not intend that the allegation and evidence of a prior felony necessary for a conviction of possession of a firearm by a convicted felon could also be used to punish the defendant as a repeat offender under OCGA § 17-10-7.[4] The state must elect whether it intends to use evidence of a prior felony conviction to support a conviction for possession of a firearm by a convicted felon or for recidivist sentencing.[5]

In this case, it is undisputed that the trial court relied upon the same prior felony conviction to support Arkwright's recidivist sentencing as the state had used in support of his conviction on the possession of a firearm by a convicted felon count. In sentencing Arkwright, the trial court announced that it was treating him as a recidivist and imposed the maximum sentences for all of the felonies under OCGA § 17-10-7. Thus, even though the sentences fell within the permissible range of punishment for the crimes charged, the record in this case is sufficient to overcome the presumption that the

---

[1] OCGA § 17-10-7 (a) provides, in relevant part, that any person convicted of a felony, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense.

[2] We note that the fact that defense counsel did not object to the reuse of the conviction for sentencing does not preclude our consideration of the issue. See *Allen v. State*, 268 Ga. App. 519, 534 (6) (602 SE2d 250) (2004); see also *Horne v. State*, 262 Ga. App. 604, 606 (1) (586 SE2d 13) (2003) (Under the plain error rule, we will consider issues not properly raised and ruled upon in the trial court where the alleged error is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or seriously affects the fairness, integrity or public reputation of a judicial proceeding.).

[3] *Allen*, supra; *Caver v. State*, 215 Ga. App. 711, 713 (4) (452 SE2d 515) (1994).

[4] *Allen*, supra.

[5] Id. See *State v. Freeman*, 198 Ga. App. 553, 555-556 (2) (402 SE2d 529) (1991).

sentences were correctly imposed.[6] Because the state used up its evidence of the prior conviction to support the possession of a firearm by a convicted felon charge during the guilt-innocence phase of the trial, there was no remaining evidence to support mandatory sentencing under OCGA § 17-10-7. Without the requisite prior felony, the trial court imposed mandatory sentences not authorized by the law.[7] Therefore, this case must be remanded for resentencing.[8]

In its brief, the state criticizes the decision in *Allen*, urging that the Court erroneously relied upon dicta from other cases. It also argues that *Allen* violates public policy in that it forces the state not to prosecute criminals who have violated OCGA § 16-11-131[9] and allows criminals to go unpunished for felony offenses. We are not persuaded by these arguments.

First, the Court's reasoning in *Allen* is not based on dicta. For instance, one of the cases upon which *Allen* is based, *King v. State*,[10] expressly defined the issue in *King* as "whether the state can use the prior felony conviction required to convict a convicted felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence to the maximum punishment for the offense under the repeat offender statute." The *King* court answered the question in the negative. A later case, *Copeland v. State*,[11] also interpreted the holding in *King*. In *Copeland*, the court stated that *King* prohibits the use of the same prior felony conviction to both convict a person of possession of a firearm by a convicted felon and to enhance his sentence in the same prosecution.[12] The *Allen* decision is not based on dicta.

Secondly, the holding in *Allen* does not result in convicted felons escaping prosecution or punishment for possessing firearms. It simply requires the state to elect whether to use the prior felony conviction to support the firearm possession by a convicted felon charge or to use it for recidivist sentencing. In either instance, the defendant's prior felony is relevant. The issue becomes whether the defendant

---

[6] *Allen*, supra.

[7] See *Headspeth v. State*, 266 Ga. App. 414, 415 (c) (597 SE2d 503) (2004).

[8] See id.

[9] OCGA § 16-11-131 (b) provides, in pertinent part, that any person who has been convicted of a felony and who possesses any firearm commits a felony and, upon conviction thereof, shall be imprisoned for not less than one year nor more than five years.

[10] 169 Ga. App. 444 (313 SE2d 144) (1984).

[11] 269 Ga. App. 424, 425 (2) (604 SE2d 223) (2004).

[12] In *Copeland*, the appellant complained that the trial court erred in considering for sentencing purposes his earlier convictions when those convictions formed the basis of his prosecution in an earlier trial for possession of a firearm by a convicted felon. The *Copeland* court noted that *King* was distinguishable because in *Copeland*, neither the firearm charge nor the other prior felonies was "used up" in the guilt-innocence phase of the later trial so as to be unavailable for use in sentencing. Id.

faces an additional charge (firearm possession by a convicted felon) with accompanying punishment, or maximum sentencing on the subsequent offense. He or she does not escape prosecution or punishment.

2. In light of our holding in Division 1, Arkwright's argument that trial counsel was ineffective for failing to object to the use of Exhibit 14 for sentencing purposes is rendered moot.

*Judgment affirmed and case remanded for resentencing. Ruffin, C. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 2, 2005 — 

*Kathleen Aderhold*, for appellant.
*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.