## A06A0092. CAMPBELL v. THE STATE.
### (631 SE2d 388)

PHIPPS, Judge.

James Martin Campbell committed crimes in 1990 resulting in convictions on four counts of armed robbery and one count of theft by taking a motor vehicle. In aggravation of punishment, the state showed that Campbell had four prior felony convictions from the state of Kentucky, beginning with a conviction for a theft offense in 1984 and ending with a conviction for possession of a firearm by a convicted felon in 1989. As a result of his prior convictions, Campbell was given sentences of life imprisonment without possibility of parole for the robbery convictions under Georgia's repeat offender statute (OCGA § 17-10-7 (c)). His convictions were affirmed on direct appeal in *Campbell v. State*.[1]

In 2005, Campbell filed a pro se motion to vacate his sentences as void. Campbell reasons that one or more of his prior felony convictions must have served as the underlying felony for his 1989 conviction of possession of a firearm by a convicted felon. He argues that the state cannot use possession of a firearm by a convicted felon and the underlying felony as separate offenses for purposes of recidivist punishment. Finding no merit in this argument, the trial court denied Campbell's motion. We agree and affirm.

---

[5] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).
[1] 206 Ga. App. 456 (426 SE2d 45) (1992).

Resolution of the issues presented requires us to consider the various parts of OCGA § 17-10-7, primarily subsections (a), (c), and (d). We examine *King v. State*[2] as it relates to OCGA § 17-10-7 (a), *State v. Freeman*[3] as it relates to OCGA § 17-10-7 (d), *Caver v. State*[4] as it relates to *Freeman*, and *Copeland v. State*[5] and *Nelson v. State*[6] as they relate to OCGA § 17-10-7 (c).

Subsection (a) of OCGA § 17-10-7 provides that any person convicted of a felony who later commits another felony shall be given the maximum sentence of imprisonment for the subsequent offense, although it may be probated or suspended unless otherwise provided by law. If, however, a person is convicted of two serious violent felonies as defined by OCGA § 17-10-7 (b), subsection (b) (2) provides that the defendant must be sentenced to life imprisonment without possibility of parole for the second felony offense. Subsection (c) otherwise provides that where a person who has been convicted of three felonies is convicted of a fourth or subsequent felony, other than a capital felony, such person must serve the maximum sentence of imprisonment without eligibility for parole for the latter conviction. Under subsection (d), conviction of two or more crimes charged on separate counts in one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed only one conviction for purposes of OCGA § 17-10-7.

*King v. State*[7] involved a defendant convicted of possession of a firearm by a convicted felon based on a prior conviction of motor vehicle theft. Under OCGA § 16-11-131, possession of a firearm by a convicted felon is generally punishable by imprisonment for not less than one nor more than five years. The trial court determined that, under OCGA § 17-10-7 (a), it was required to sentence the defendant to the maximum sentence of five years because of his prior conviction of the very felony that had resulted in him being a convicted felon, i.e., motor vehicle theft. We reversed, holding:

> OCGA § 17-10-7 (a) . . . was in effect when the General Assembly enacted OCGA § 16-11-131 . . . , possession of a firearm by a convicted felon, in 1980. If the General Assembly intended that repeat offender punishment be applied to possession of a firearm by a convicted felon, then every

---

[2] 169 Ga. App. 444 (313 SE2d 144) (1984).

[3] 198 Ga. App. 553 (402 SE2d 529) (1991).

[4] 215 Ga. App. 711 (452 SE2d 515) (1994).

[5] 269 Ga. App. 424 (604 SE2d 223) (2004).

[6] 210 Ga. App. 249 (435 SE2d 750) (1993) (physical precedent only).

[7] Supra.

conviction for that offense could result in a minimum punishment of five years, thus rendering the authorized punishment for the offense of one to five years meaningless.[8]

The defendant in *State v. Freeman*[9] was convicted of voluntary manslaughter, and of possession of a firearm by a convicted felon based on multiple prior felony convictions. The trial court sentenced him to five years for the voluntary manslaughter conviction. The state appealed, arguing that the sentence was void in that, under OCGA § 17-10-7 (a), the trial court was required to impose the maximum twenty-year sentence for voluntary manslaughter because the defendant had not one but multiple prior felony convictions. There were, however, two problems with the state's argument. First, the defendant's multiple prior felony convictions had been obtained through two indictments that had been consolidated for trial. Therefore, as provided in OCGA § 17-10-7 (d), they were deemed to be only one conviction for purposes of OCGA § 17-10-7. Moreover, the state had elected to aver each of the defendant's prior felony convictions in the count charging possession of a firearm by a convicted felon. Accordingly, *Freeman* concluded that

> if, within the meaning of *King*, proof was necessary of each of the averments of prior felony offenses found in the count of possession of firearm by a convicted felon for defendant's conviction under OCGA § 16-11-131, that same evidence could not be utilized to support defendant's enhanced punishment as a repeat offender under OCGA § 17-10-7.[10]

The trial court's sentence was thus affirmed.

The defendant in *Caver v. State*[11] was charged with shoplifting and with possession of a firearm by a convicted felon by reason of one prior felony conviction. The state, however, nolle prossed the charge of possession of a firearm by a convicted felon. The defendant was convicted of shoplifting and then sentenced as a recidivist under what is now OCGA § 17-10-7 (c) because of the prior felony conviction that had been the predicate for the nolle-prossed charge. We affirmed, finding the procedural maneuver employed by the state to have avoided the obstacles to imposition of recidivist sentencing presented in *Freeman*.[12]

---

[8] 169 Ga. App. at 444.
[9] Supra.
[10] 198 Ga. App. at 555 (2).
[11] Supra.
[12] 215 Ga. App. at 713 (4).

The defendant in *Nelson v. State*[13] was convicted of rape and robbery. Because he had three prior felony convictions, one of which was possession of a firearm by a convicted felon, he was sentenced as a recidivist under OCGA § 17-10-7 (c). In reliance on *King*, Nelson argued that possession of a firearm by a convicted felon cannot be used as a prior offense for recidivist sentencing under OCGA § 17-10-7 (c). We found this argument to be wholly without merit, recognizing that *King* does not stand for that proposition.[14]

The defendant in *Copeland v. State*[15] was convicted of two counts of forgery. The trial court imposed recidivist sentencing under OCGA § 17-10-7 (c), based on prior felony convictions for burglary, aggravated assault, and possession of a firearm by a convicted felon.[16] Copeland contended that the trial court erred in considering his convictions for burglary and aggravated assault for sentencing purposes. Like Campbell, he argued that once those convictions were employed as the basis for a prosecution under OCGA § 16-11-131, they were "used up" and could no longer be used in aggravation of punishment under OCGA § 17-10-7 in a latter prosecution.[17] We found no merit in that argument, clarifying that in *King* "we held that the State may not use the same prior felony conviction required to convict a convicted felon for being in possession of a firearm to enhance the sentence for possession of a firearm by a convicted felon under the repeat offender statute *in the same prosecution*."[18]

In this case, as in *Nelson* and *Copeland*, a defendant in a felony prosecution has been given recidivist punishment under OCGA § 17-10-7 based in part on a prior conviction of possession of a firearm by a convicted felon. Unlike the defendant in *King* or *Freeman* or for that matter *Caver*, Campbell was not being prosecuted for possession of a firearm by a convicted felon in the prosecution that resulted in his recidivist punishment. In the prior prosecution that resulted in Campbell's conviction of possession of a firearm by a convicted felon, recidivist punishment may have been unauthorized under *Freeman* or authorized under *Caver* depending on the procedure employed by the state. But that is not the question here.

Here, Campbell challenges the use of his prior conviction of possession of a firearm by a convicted felon along with three other prior felonies as the basis for imposition of recidivist punishment, based on the logical assumption that one or more of the three other

---

[13] Supra.

[14] 210 Ga. App. at 251 (4).

[15] Supra.

[16] See *Copeland v. State*, 264 Ga. App. 905 (592 SE2d 540) (2003).

[17] 269 Ga. App. at 425 (2).

[18] Id. (emphasis in original).

felonies must have been the basis for his conviction of possession of a firearm by a convicted felon. By attachment to his pleadings below, Campbell showed that his prior conviction of possession of a firearm by a convicted felon followed his entry of a guilty plea and that there is no transcript of the guilty plea hearing. Thus, it cannot be determined which of his prior felonies were used to support his prior conviction of firearm possession. But even so, that only draws into question the validity of any recidivist punishment received by Campbell for his conviction of possession of a firearm by a convicted felon, a matter not before us. Campbell's three prior felony convictions, and his subsequent conviction of possession of a firearm by a convicted felon as a result of one or more of those felonies, are still separate felonies that may be used as such in imposing recidivist punishment for the commission of yet another felony. Campbell has not sought to collaterally attack any of those convictions.[19] Therefore, the trial court did not err in finding Campbell's recidivist sentences valid here.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED APRIL 28, 2006 —
RECONSIDERATION DENIED MAY 12, 2006.

James M. Campbell, *pro se.*
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.

[19] Compare *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999).