## A08A0908. MARSHALL v. THE STATE.
(668 SE2d 892)

BERNES, Judge.

Sammy Marshall appeals, pro se, from the trial court's order dismissing his "Petition to Correct Void Sentence." He seeks to challenge the 60-year recidivist sentence imposed following his 1994 conviction for two counts of burglary and arson in the first degree. Marshall contends that his recidivist sentence is void, arguing that the trial court erroneously considered his prior conviction for possession of a firearm by a convicted felon and mistakenly believed that it had no discretion to probate or suspend any part of the sentence. We discern no error and affirm.

> In general, a motion to vacate a sentence is not an appropriate remedy in a criminal case after the term in which the judgment was entered has passed. However,

> where a sentence is void, the court may resentence the defendant at any time. A sentence is void if the court imposes punishment that the law does not allow. If the judgment is *not* void, a trial court has no further subject matter jurisdiction outside the term of court and the petition must be dismissed.

(Citations, punctuation and footnotes omitted; emphasis in original.) *Kinsey v. State*, 259 Ga. App. 653 (1) (578 SE2d 269) (2003).

Here, the record establishes that in 1994, Marshall was convicted of two counts of burglary and arson in the first degree. He was sentenced as a recidivist to 20 years on each count to run consecutively, for a total of 60 years imprisonment. This sentence was within the statutory limits and is not void. Because the state gave notice of its intent to seek recidivist punishment based upon Marshall's three prior felony convictions, the trial court was required to sentence Marshall as a recidivist pursuant to OCGA § 17-10-7 (a) and (c).[1]

1. Contrary to Marshall's assertion, the trial court did not err in considering for sentencing purposes his prior conviction for possession of a firearm by a convicted felon. It is true that the state may not both rely upon a defendant's prior felony conviction to prove the defendant's guilt of a convicted felon in possession of a firearm charge and also use that prior conviction in aggravation of punishment. See *Arkwright v. State*, 275 Ga. App. 375, 376-378 (1) (620 SE2d 618) (2005) (the trial court erred in sentencing the defendant as a recidivist based upon a prior felony conviction that the state had already used in the guilt-innocence phase to prove the convicted felon in possession of a firearm charge). Here, however, Marshall's prior firearm conviction was not used to determine his guilt of the burglary and arson charges, but rather was properly used post-verdict to consider his recidivist sentencing. See *Copeland v. State*, 269 Ga. App. 424, 425 (2) (604 SE2d 223) (2004). Compare *Arkwright*, 275 Ga. App. at 376-378 (1).

2. Marshall also contends that the trial court mistakenly believed that it had no discretion to probate or suspend any part of the sentence. But, again, no error has been shown.

Although OCGA § 17-10-7 (a) mandates that a recidivist must

---

[1] OCGA § 17-10-7 (a) and (c) pertinently provide that recidivist defendants "shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted" and "shall not be eligible for parole until the maximum sentence has been served." Marshall's crimes have statutory maximum penalties of 20 years imprisonment, and the trial court imposed consecutive sentences for each of the three counts. See OCGA §§ 16-7-1 (a); 16-7-60 (c). "This court will not disturb a sentence within the statutory limits." *Scott v. State*, 240 Ga. App. 586, 588 (3) (524 SE2d 287) (1999). See also *Stephens v. State*, 259 Ga. App. 564 (578 SE2d 179) (2003).

be sentenced to the maximum sentence prescribed for the offense, the trial court has discretion to probate or suspend any part of the sentence. See *State v. Carter*, 175 Ga. App. 38, 39 (332 SE2d 349) (1985). "When a trial court has sentenced a recidivist to the maximum penalty under the mistaken belief that it had no discretion to suspend or probate any part of the sentence, we have remanded for resentencing." *Henderson v. State*, 247 Ga. App. 31, 32 (2) (543 SE2d 95) (2000). Marshall argues that during the pre-sentencing hearing, the prosecutor erroneously informed the trial court that he could not probate or suspend any part of Marshall's recidivist sentence.

Nonetheless, Marshall has not established that the trial court relied upon the prosecutor's statement in fixing the sentence. At the sentencing hearing, the trial court asked both Marshall and his counsel if they had any evidence to offer in mitigation of the sentence. "Knowing that it was required to impose the maximum sentence, the trial court obviously would not have inquired about mitigating evidence unless it was prepared to consider that evidence in connection with probation or suspension of the maximum sentence." *Knight v. State*, 221 Ga. App. 92, 93 (470 SE2d 486) (1996), quoting *Cox v. State*, 205 Ga. App. 375, 375 (2) (422 SE2d 68) (1992). Compare *Scott v. State*, 248 Ga. App. 542, 545 (2) (545 SE2d 709) (2001). "In the absence of any affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing [Marshall's] sentence." *Cox*, 205 Ga. App. at 376 (2).

Because Marshall's sentence was not void for any of the alleged reasons, the trial court's dismissal of his petition was proper.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 29, 2008 — 

Sammy Marshall, *pro se.*

*J. David Miller,* District Attorney, *Brian A. McDaniel,* Assistant District Attorney, for appellee.