A09A0010. TATUM v. THE STATE.
(677 SE2d 740)

SMITH, Presiding Judge.

Ricky Tatum was convicted of burglary, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. His amended motion for new trial was denied, and he appeals, asserting error in the admission of a similar transaction and in sentencing. Finding no error, we affirm.

1. In two enumerations of error, Tatum complains that evidence of a similar transaction was improperly admitted because it was insufficiently similar and because its prejudicial effect outweighed its probative value.

> Similar transaction evidence is admissible where (1) the evidence is offered for a proper purpose, (2) the state establishes that the defendant committed the separate offense, and (3) there is sufficient similarity between the separate offense and the crime charged so that proof of the former tends to prove the latter. On appeal, this Court reviews the trial court's decision to admit such evidence for abuse of discretion, and we will affirm a finding that two incidents are sufficiently similar unless it is clearly erroneous.

(Citation and footnote omitted.) *Garvin v. State*, 292 Ga. App. 813, 814 (665 SE2d 908) (2008). In the case before us, Tatum burst into an apartment in the early morning hours armed with a semi-automatic pistol. He placed the gun to the victim's head and said, "I'll kill you if you don't leave my homeboy alone." When another victim called the police, Tatum fled.

Tatum stipulated in the pretrial hearing pursuant to Uniform Superior Court Rule 31.3 that he was the person convicted for the 1992 aggravated assault offered as a similar transaction. That assault occurred less than two blocks away from the incident for which Tatum was convicted in the case before us. In the early morning hours, Tatum took a semi-automatic pistol he had borrowed

from a friend and had "gone back looking" for a man known only as "Black" with whom he had had an altercation. He located Black standing in a vacant lot with others and opened fire "in an attempt to scare him," striking a bystander in the head and severely wounding him. He then fled the scene. He told the officer who interviewed him that he was "just trying to scare" Black.

The two incidents were not identical. They demonstrate, however, Tatum's propensity to take an earlier dispute to a more violent level by surprising and "trying to scare" his victims with a semi-automatic pistol. See *McCord v. State*, 268 Ga. 499, 500 (2) (491 SE2d 360) (1997) (though not identical, prior assault "relevant to show [defendant's] propensity for using weapons to escalate a confrontation"). Tatum presented an alibi defense, and "similar transaction evidence is highly relevant when a criminal defendant presents an alibi defense because the evidence helps to prove the identity of the perpetrator." (Citation and footnote omitted.) *Fuller v. State*, 295 Ga. App. 439, 441 (2) (672 SE2d 438) (2009).

Tatum asserts that the similar transaction was unduly prejudicial, but given his alibi defense "the probative value of the similar transaction evidence to help identify . . . the perpetrator of the indicted offense outweighed any prejudice." (Citation and footnote omitted.) *Griggs v. State*, 251 Ga. App. 430, 431-432 (1) (554 SE2d 569) (2001). The trial court did not err in admitting the similar transaction.

2. Tatum contends the trial court erred in considering his conviction in the earlier 1992 incident for sentencing purposes, because it had been "used up" in proving his conviction for possession of a firearm by a convicted felon and thus could not be used to sentence him as a recidivist under OCGA § 17-10-7 (a). In *Arkwright v. State*, 275 Ga. App. 375 (620 SE2d 618) (2005), we held that the trial court erred "by allowing the state to use a prior felony conviction to prove the offense of possession of a firearm by a convicted felon, then permitting the state to use that same prior conviction to seek recidivist treatment in sentencing." Id. See also *Wyche v. State*, 291 Ga. App. 165, 167 (3) (661 SE2d 226) (2008) (same prior conviction cannot be used to support both recidivist sentencing and conviction for possession of a firearm by a convicted felon). While the State contends that this issue is waived by Tatum's failure to object at trial or on his motion for new trial, we held in *Arkwright*, supra, that

the fact that defense counsel did not object to the reuse of the conviction for sentencing does not preclude our consideration of the issue. . . . Under the plain error rule, we will consider issues not properly raised and ruled upon in the trial court where the alleged error is so clearly erroneous as

to result in a likelihood of a grave miscarriage of justice or seriously affects the fairness, integrity or public reputation of a judicial proceeding.

(Citations and punctuation omitted.) 275 Ga. App. at 376 (1), n. 2.

It does not appear, however, that the State pursued the recidivist count or that the trial court sentenced Tatum as a recidivist. The State in the indictment apparently sought recidivist punishment under OCGA § 17-10-7 (c), listing three felonies for which Tatum had been convicted, including the 1992 aggravated assault.[1] At sentencing, however, the records presented by the State did not indicate an adjudication of guilt on the third felony listed in the indictment, possession of a sawed-off shotgun, because it was originally disposed of under the First Offender Act. Tatum's counsel objected, and the trial court ruled that it would not admit that exhibit and would not consider that offense in imposing sentence. The trial court therefore did not impose sentence under OCGA § 17-10-7 (c), which requires three prior felonies.

Nor did the trial court sentence Tatum under OCGA § 17-10-7 (a), which requires that a defendant convicted of a prior felony

be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

The maximum punishment for the offense of aggravated assault is 20 years, OCGA § 16-5-21 (b), and Tatum was only sentenced to 15 years with no provision for probation or suspension. And nothing in the record indicates that Tatum was sentenced as a recidivist, in contrast to cases such as *Arkwright*, supra, in which the trial court "expressly treated Arkwright as a recidivist and imposed the maximum sentence." 275 Ga. App. at 376. This enumeration of error is therefore without merit.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED APRIL 17, 2009.

*José E. Guzman*, for appellant.

---

[1] The same conviction had already been introduced as a similar transaction. See Division 1, supra. See *Morgan v. State*, 277 Ga. App. 670, 672-673 (2) (627 SE2d 413) (2006).

*J. Gray Conger, District Attorney, Elisha W. Jernigan, Jr., Assistant District Attorney*, for appellee.