In the Supreme Court of Georgia

Decided: June 29, 2015

S15A0097. HILLMAN v. JOHNSON, WARDEN.

NAHMIAS, Justice.

Marvin Hillman, III appeals the denial of his petition for habeas corpus. As explained below, we conclude that, as the Court of Appeals held in King v. State, 169 Ga. App. 444 (313 SE2d 144) (1984), OCGA § 17-10-7 (a), which requires courts to sentence defendants with a prior felony conviction to the maximum time authorized for any subsequent conviction, does not apply to violations of OCGA § 16-11-131. That statute, which was enacted after § 17-10-7, prohibits persons with a prior felony conviction from possessing firearms (being a "felon-in-possession") and provides a general sentencing *range* of one to five years, which would be rendered meaningless if § 17-10-7 (a) applied. However, contrary to several post-King decisions of the Court of Appeals, we conclude that § 17-10-7 (a) *does* apply to convictions for crimes that do not have as an element the defendant's prior conviction of a felony, even if the prior felony that invokes the recidivist sentencing enhancement under § 17-10-7 (a)

is also the basis for a conviction for violating the felon-in-possession statute in the same case. Accordingly, we affirm in part and reverse in part the habeas court's judgment, and we remand the case to the habeas court with direction to vacate Hillman's five-year sentence for possession of a firearm by a convicted felon and to remand the case to the trial court for resentencing on that one conviction.

1. In January 2008, Hillman was convicted in the Superior Court of Peach County of two counts of armed robbery and one count each of burglary, aggravated assault, and possession of a firearm by a convicted felon in connection with an armed home invasion in which Hillman and his accomplices stole a cell phone and $7. The felon-in-possession charge under OCGA § 16-11-131 was based on Hillman's prior felony conviction for hindering the apprehension of a criminal, for which he was sentenced to confinement for three years, with the sentence probated. Based on that prior felony conviction and OCGA § 17-10-7 (a), the trial court concluded that it was required to sentence Hillman to the maximum time authorized for each offense.[1] The court therefore

---

[1] During the sentencing hearing, Hillman's attorney did not argue that it was improper to sentence Hillman as a recidivist, although the attorney claimed that the sentence was unconstitutionally cruel and argued that this case was "a good example of why mandatory minimum

sentenced Hillman to serve life in prison for each armed robbery, 20 years for burglary, 20 years for aggravated assault, and five years for possession of a firearm by a convicted felon, with all sentences running concurrently. The Court of Appeals affirmed in Hillman v. State, 296 Ga. App. 310 (674 SE2d 370) (2009). Attorney Robert Bearden, Jr. represented Hillman both at trial and on direct appeal.

On February 21, 2013, represented by new counsel, Hillman filed a petition for habeas corpus in the Superior Court of Hancock County, where he is serving his sentences. The petition alleged, among many other things, that Bearden provided ineffective assistance of counsel by failing to challenge at trial

---

sentences are a bad idea." In response, the trial court expressed concern with the "one-size fits all" legislative policy of mandatory minimum sentencing. The court also rejected the State's request to sentence Hillman to consecutive life terms for armed robbery, instead ordering that all of his sentences run concurrently with each other and with "any other sentence you may be currently serving in the State of Georgia." Immediately before pronouncing the sentences, the court addressed Hillman directly and said:

> All right, sir. This will be your sentence. And for me just to make sure we lay it out for the record. You understand, sir, you have been convicted of a prior felony. And under I think it's 17-10-7, the recidivist statute, I don't have any discretion on what to do today. The legislature's [exercised] that discretion for me.
> What I think is the most tragic thing about this whole event, I certainly feel for the victims, but what escapes me is that all this happened over seven dollars. Seven dollars and two [sic] cell phones. That's what I cannot, I just can't get over, that we had to put these people through, seven dollars and two cell phones.
> Well, sir, this will be your sentence, sir.

and on appeal the "dual use" of Hillman's prior felony conviction to convict him of the felon-in-possession charge and to sentence him as a recidivist on all of his convictions under § 17-10-7 (a). After holding an evidentiary hearing, the habeas court entered an order denying relief on April 9, 2014. Hillman filed a timely notice of appeal and application for a certificate of probable cause to appeal, and this Court granted the application, posing a single question:

> Whether petitioner established that counsel was ineffective for failing to challenge the recidivist sentences as improper under King v. State, 169 Ga. App. 444 (313 SE2d 144) (1984). See also State v. Slaughter, 289 Ga. 344 (711 SE2d 651) (2011).

2. Hillman contends that the habeas court erred in rejecting his ineffective assistance claim based on Bearden's failure to challenge the use of his prior felony conviction to enhance the sentences for all of his convictions. Hillman bases this contention on the Court of Appeals' decision in King and on later cases from that court which purported to apply King. We turn first to an examination of those cases and then apply our conclusions to the habeas court's rulings in this case.

(a) In King, the Court of Appeals considered the application of OCGA § 17-10-7 (a) to violations of the felon-in-possession statute, OCGA §

4

16-11-131.[2] The defendant in that case was convicted on a single count of possession of a firearm by a convicted felon based on his prior conviction for motor vehicle theft. The felon-in-possession statute provided a sentencing range of one to five years, and the trial court imposed a three-year sentence. The State moved to vacate the sentence, arguing that due to the defendant's prior conviction, § 17-10-7 (a) required the court to impose the maximum authorized term of five years. The court agreed and granted the State's motion, sentencing the defendant to five years. On appeal, the Court of Appeals noted that § 17-10-7 (a) was in effect in 1980 when the General Assembly enacted the felon-in-possession statute, see Ga. L. 1980, p. 1509, § 1 (codified as amended at § 16-

---

[2] The current version of § 17-10-7 (a), which is substantively the same as the version in effect at the time of Hillman's crimes in July 2007, says:

> Except as otherwise provided in subsection (b) [which relates to serious violent felonies] or (b.1) [which relates to certain drug offenses] of this Code section, any person who, after having been convicted of a felony offense in this state . . . and sentenced to confinement in a penal institution, commits a felony punishable by confinement in a penal institution shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

The current version of § 16-11-131, which is identical in relevant part to the version in effect at the time of Hillman's crimes, provides as the baseline sentencing range for violations "imprison[ment] for not less than one nor more than five years," § 16-11-131 (b), with a mandatory five-year sentence of imprisonment if the prior conviction was for a forcible felony, see id.

5

11-131), and explained that under the State's argument every conviction for violating § 16-11-131 would result in a five-year sentence, "thus rendering the authorized punishment for the offense of one to five years meaningless." King, 169 Ga. App. at 444. Accordingly, the Court of Appeals reversed the defendant's five-year sentence and remanded the case to the trial court to reinstate the original three-year sentence.

The reasoning and result of King were sound. After King, however, the Court of Appeals held in several cases (and said in many more cases) that prior felony convictions used to prove a felon-in-possession charge cannot be used to sentence the defendant as a recidivist under § 17-10-7 (a) on *any* conviction in the same case, not just on the felon-in-possession conviction. See Arkwright v. State, 275 Ga. App. 375, 376-377 (620 SE2d 618) (2005) (remanding for resentencing where the trial court initially sentenced the defendant to the maximum term authorized for a variety of crimes pursuant to § 17-10-7 (a) and then dropped the recidivist punishment only for the felon-in-possession conviction, holding that the trial court erred in applying § 17-10-7 (a) to sentence the defendant on any of his convictions); Allen v. State, 268 Ga. App. 519, 533-534 (602 SE2d 250) (2004) (Allen I) (holding that where the State

6

relied on several prior convictions to prove felon-in-possession charge, <u>King</u>

barred the use of those prior convictions to sentence the defendant under § 17-

10-7 (a) on any offense tried in the same proceeding), disapproved in part by

<u>Harris v. State</u>, 322 Ga. App. 87, 91 n.3 (744 SE2d 82) (2013); <u>State v.</u>

<u>Freeman</u>, 198 Ga. App. 553, 555 (402 SE2d 529) (1991) (same).[3]  These

decisions rested largely on the odd idea that the State "used up" its evidence of

the prior felony conviction or convictions in proving the felon-in-possession

charge, leaving no evidence for the trial court to rely on to sentence the

defendant as a recidivist under § 17-10-7 (a).  <u>Arkwright</u>, 275 Ga. App. at 377;

<u>Allen I</u>, 268 Ga. App. at 534.

This Court rejected the reasoning of these post-<u>King</u> cases in <u>State v.</u>

---

[3]  Opinions endorsing the same reading of <u>King</u> but then distinguishing the case at hand include <u>Ray v. State</u>, 317 Ga. App. 197, 198-199 (729 SE2d 610) (2012); <u>Cook v. State</u>, 305 Ga. App. 516, 517 (699 SE2d 831) (2010); <u>Raymond v. State</u>, 298 Ga. App. 549, 552-553 (680 SE2d 598) (2009); <u>Tatum v. State</u>, 297 Ga. App. 550, 551-552 (677 SE2d 740) (2009); <u>Thompson v. State</u>, 294 Ga. App. 768, 768-770 (670 SE2d 228) (2008); <u>Marshall v. State</u>, 294 Ga. App. 282, 283 (668 SE2d 892) (2008); <u>Allen v. State</u>, 292 Ga. App. 133, 137 (663 SE2d 370) (2008) (<u>Allen II</u>), aff'd on other grounds, 286 Ga. 273 (2009); <u>Wyche v. State</u>, 291 Ga. App. 165, 167-168 (661 SE2d 226) (2008), disapproved by <u>Harris</u>, 322 Ga. App. at 90-91; <u>Campbell v. State</u>, 279 Ga. App. 331, 332-335 (631 SE2d 388) (2006), disapproved in part by <u>Slaughter</u>, 289 Ga. at 346 n.3; <u>Morrison v. State</u>, 272 Ga. App. 34, 42-43 (611 SE2d 720) (2005), overruled in part by <u>Slaughter</u>, 289 Ga. at 346 n.4; <u>Copeland v. State</u>, 269 Ga. App. 424, 425 (604 SE2d 223) (2004); <u>Cowan v. State</u>, 243 Ga. App. 388, 395-396 (531 SE2d 785) (2000); <u>Lynn v. State</u>, 236 Ga. App. 600, 603-604 (512 SE2d 695) (1999); <u>Caver v. State</u>, 215 Ga. App. 711, 713 (452 SE2d 515) (1994); <u>Nelson v. State</u>, 210 Ga. App. 249, 250-251 (435 SE2d 750) (1993) (physical precedent only).

7

Slaughter, 289 Ga. 344 (711 SE2d 651) (2011), explaining that the narrow holding in King was based on a careful examination of § 17-10-7 (a)'s practical effect in the specific context of violations of the later-enacted § 16-11-131. See Slaughter, 289 Ga. at 345-346. Because § 17-10-7 (a) and the felon-in-possession statute both apply only when the defendant has a prior felony conviction, we agreed with King that applying § 17-10-7 (a) in that particular context would effectively nullify part of § 16-11-131 – the part that authorizes sentences of less than five years. See Slaughter, 289 Ga. at 346 (explaining why, under the proper reading of King, a felon-in-possession conviction does not preclude recidivist sentencing under OCGA § 17-10-7 (c)).

Since Slaughter, the Court of Appeals has recognized that

"[t]he rule set out in King is not founded on the idea that the defendant's possession of a firearm is 'used up' by its consideration under one statute and therefore not available under the other. Rather, the reason for this narrow rule is that to hold otherwise would eviscerate the sentencing range prescribed by the legislature for possession of a firearm by a convicted felon."

Harris, 322 Ga. App. at 90 (quoting Washington v. State, 311 Ga. App. 518, 519 (716 SE2d 576) (2011)). And the Court of Appeals has corrected some of its errant case law in this area. See Harris, 322 Ga. App. at 90-91 (disapproving

8

Wyche, a case extending <u>King</u> to recidivist sentencing under OCGA § 17-10-7 (b) (2)). However, the Court of Appeals has not disapproved <u>Allen I</u> and similar decisions that improperly extended <u>King</u> to sentencing under § 17-10-7 (a) for offenses that do not have a prior felony conviction as an element. See <u>Harris</u>, 326 Ga. App. at 91 n.3.

We take that step now. <u>King</u>'s rationale, which we endorsed in <u>Slaughter</u>, has no application to crimes that do not have as an element the defendant's prior conviction of a felony. Accordingly, we disapprove the Court of Appeals' extension of <u>King</u> to sentencing on other types of crimes in <u>Freeman</u>, <u>Allen I</u>, and <u>Arkwright</u>, and its dicta to the same effect in the cases cited in footnote 3 above.[4]

(b)     Turning back now to this case, in order to prevail on his claim of ineffective assistance of counsel, Hillman was required to show both that Bearden's performance was professionally deficient and that, but for the deficiency, there is a reasonable probability that the outcome of the proceedings would have been more favorable. See <u>Strickland v. Washington</u>, 466 U.S. 668,

_____

[4] To the extent that our opinion in <u>Allen II</u>, 286 Ga. 273, can be read to endorse the Court of Appeals' extension of <u>King</u> or is otherwise inconsistent with this opinion, it is also disapproved.

687, 694 (104 SC 2052, 80 LE2d 674) (1984).  The habeas court concluded that Hillman did not show that Bearden's performance was deficient in any way and did not show any resulting prejudice, so the court denied any relief.

The result reached by the habeas court was largely, but not entirely, correct.  Even if Bearden was professionally deficient in failing to challenge Hillman's sentences for the armed robberies, burglary, and aggravated assault based on the Court of Appeals' post-King cases discussed above, because those cases interpreted the law incorrectly, Hillman cannot show Strickland prejudice. See Williams v. Taylor, 529 U.S. 362, 392 (120 SCt 1495, 146 LE2d 389) (2000) (explaining that "the likelihood of a different outcome attributable to an incorrect interpretation of the law" is not regarded as "the legitimate 'prejudice' contemplated by . . . Strickland"); Lockhart v. Fretwell, 506 U.S. 364, 366 (113 SCt 838, 122 LE2d 180) (1993) (holding that there was no Strickland prejudice when, between the alleged error and the court's ruling on the ineffective assistance claim, the case on which the alleged error was based was overruled). Hillman's sentences under OCGA § 17-10-7 (a) to the "longest period of time prescribed" for the armed robberies, burglary, and aggravated assault were legally proper, because a prior felony conviction is not an element of those

10

crimes. Accordingly, it was right for the habeas court to reject his ineffective assistance claim regarding those sentences. See <u>Woodard v. State</u>, 296 Ga. 803, 814 (771 SE2d 362) (2015).

The habeas court erred, however, in holding that Hillman failed to show either deficient performance or prejudice with respect to his recidivist sentence for possession of a firearm by a convicted felon. Under <u>King</u>, which was correctly decided, the trial court was not required by § 17-10-7 (a) to sentence Hillman to the maximum term of five years for violating § 16-11-131. The Warden acknowledges in his brief to this Court that Hillman's "prior conviction . . . could not be used to sentence him as a recidivist for possession of a firearm by a convicted felon in accord with <u>King</u> and <u>Slaughter</u>." The Warden nevertheless contends that "it was not error for counsel to fail to object on this basis at trial nor raise [this issue] on appeal," because "it cannot be said that 'counsel's errors were so serious as to deprive the defendant of a fair trial.'" (Quoting <u>Strickland</u>, 466 U.S. at 687.)

Hillman's ineffective assistance claim relates to his sentence, however, not his underlying conviction, and

[e]ven though sentencing does not concern the defendant's guilt or

11

innocence, ineffective assistance of counsel during a sentencing hearing can result in <u>Strickland</u> prejudice because "any amount of [additional] jail time has Sixth Amendment significance."

<u>Lafler v. Cooper</u>, 566 U.S. \_\_\_, \_\_\_ (132 SCt 1376, 1386, 182 LE2d 398) (2012) (citation omitted). Given the trial court's rejection of the State's request for consecutive sentences and the court's characterization of the nature of the crimes and criticism of the mandatory minimum sentences during the sentencing hearing, see footnote 1 above, we conclude that Hillman has shown that, but for Bearden's deficient performance in not raising an objection based on <u>King</u>, there is a reasonable probability that the trial court would have sentenced Hillman to less than the maximum five years on the felon-in-possession conviction.

Accordingly, we reverse the habeas court's denial of this one portion of Hillman's ineffective assistance of counsel claim. On remand, the habeas court is directed to enter an order vacating Hillman's five-year sentence for possession of a firearm by a convicted felon and remanding the case to the Superior Court of Peach County for resentencing on that conviction anywhere within the one-to-five-year sentencing range set by OCGA § 16-11-131. See <u>Elrod v. Caldwell</u>,

232 Ga. 876, 877-878 (209 SE2d 207) (1974).[5]

Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.

---

[5] Hillman also contends that the habeas court erred in rejecting his claims of ineffective assistance based on Bearden's failure to argue that the aggravated assault conviction was invalid due to a variance between the indictment and the evidence; Bearden's failure to object to a related jury instruction; and 13 other unspecified alleged errors by Bearden that Hillman says cumulatively deprived him of effective representation. We did not identify any of these issues as having arguable merit in our order granting Hillman's application to appeal, however, and further review of the record and briefs confirms that these contentions lack merit.