# Court of Appeals
# of the State of Georgia

ATLANTA,　March 10, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1285. MARVIN HILLMAN v. THE STATE.**

Following a jury trial, Marvin Hillman was convicted in 2008 of two counts of armed robbery, one count of burglary, one count of aggravated assault, and one count of possession of a firearm by a convicted felon. He received a total sentence of life imprisonment. We affirmed on direct appeal. See *Hillman v. State*, Case No. A08A1956 (Feb. 26, 2009). In a subsequent habeas action, the Supreme Court of Georgia vacated Hillman's conviction for being a convicted felon in possession of a firearm, but affirmed his remaining convictions and sentences. See *Hillman v. Johnson*, 297 Ga. 609 (774 SE2d 615) (2015).

In 2025, Hillman filed an extraordinary motion for new trial, contending that a key prosecution witness had recanted his trial testimony. Following a hearing, the trial court denied the extraordinary motion for new trial. Hillman filed a notice of appeal to this Court. We, however, lack jurisdiction.

An appeal from an order denying an extraordinary motion for new trial must be initiated by filing an application for discretionary appeal. See OCGA § 5-6-35(a)(7), (b); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Hillman's failure to follow the proper appellate procedure deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___03/10/2026_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*