## 40730. COCHRAN v. THE STATE.
### (315 SE2d 653)

CLARKE, Justice.

This is a case which presents the issue of the court's duty when a criminal defendant indicates he wishes to prosecute his appeal pro se.

Cochran was charged with the murder of his wife, and the State sought the death penalty. He was found guilty but the jury recommended a life sentence. Upon sentencing him, the trial judge asked Cochran if he had anything to say. He expressed his gratitude to his two lawyers who were representing him under appointment of the court. He then went on to say that he wished to terminate their services and wanted all of the trial records forwarded to him. He later filed a written request to be allowed to represent himself citing Faretta v. California, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). Thereafter he filed a notice of appeal but did not file enumerations of error or a brief. When he requested an extension of time for the filing of the enumerations and brief, the court granted him an additional ten days. Two days after the expiration of the ten day period, Cochran filed another motion, the substance of which was to ask for more time or in the alternative the right to take an out of time appeal. It appears that his alternate motion sought the dismissal of the pending appeal without prejudice in order to take an out of time appeal.

To consider Cochran's motion, it is necessary to review the colloquy with the trial court at the time Cochran announced his desire to proceed with the appeal pro se. We have done so and find that the record reveals no explanation to Cochran of his entitlement to counsel and the dangers of proceeding without counsel.

In *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981), we discussed the dilemma faced by a trial judge when a criminal defendant refuses representation by appointed counsel and announces his desire to represent himself. In doing so, we recognized the right of self representation as pronounced in Faretta v. California, supra. We also

found that a defendant cannot exercise this right unless it is shown that he has adequately waived his right to counsel. *Taylor v. Ricketts*, 239 Ga. 501 (238 SE2d 52) (1977). In *Clarke v. Zant*, supra at 197 we observed that "[i]f the court allows the defendant to proceed pro se, he will be faced with the charge that the waiver of counsel is not proper as in *Taylor*. It is also impermissible to force counsel on an accused as in Faretta." This led us to the holding that in future cases the record should reflect a finding of the trial court that the defendant has validly chosen to proceed pro se and that this choice was made after the defendant was made aware of his right to counsel and the dangers of proceeding without counsel.

We recognize that *Clarke v. Zant* involved the trial of the case pro se and that in this instance the choice was to proceed with the appeal pro se. We make no distinction between the two. An indigent defendant is entitled to representation by counsel on appeal as well as at trial. Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963); *Reid v. State*, 235 Ga. 378 (219 SE2d 740) (1975). Since the record does not show that Cochran was made aware of his right to counsel on appeal and the dangers of proceeding without counsel, we must therefore grant his motion to dismiss this appeal without prejudice. The case is remanded to the trial court for instructions to Cochran consistent with our holding in *Clarke v. Zant*. Upon completion of this procedure, Cochran's motion for an out of time appeal will be allowed.

*Appeal dismissed and case remanded. All the Justices concur.*

DECIDED MAY 22, 1984.

Henry Lee Cochran, *pro se.*
J. *Brown Moseley, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.