A99A1808, A99A1809. COSTELLO v. THE STATE (two cases).
(522 SE2d 572)

McMURRAY, Presiding Judge.

In notices of appeal filed in Case Nos. A99A1808 and A99A1809, defendant Costello, an indigent pro se, appeals his conviction in the State Court of Fayette County after a jury verdict finding him guilty of violation of the open container law, operating a motor vehicle with defective equipment, no Georgia driver's license, no valid Georgia registration, and possession of marijuana. Defendant enumerates 19 identical enumerations of error in each case. We have consolidated the two appeals for review. *Held*:

Upon review of the record of defendant's convictions it does not appear that the trial court advised defendant of his right to have counsel appointed for any appeal he might wish to pursue. *Cochran v. State*, 253 Ga. 10 (315 SE2d 653) (1984).

While a defendant has a right to pursue an appeal pro se,

---

[1] Under the prior, similar transaction indictment, Castellon was charged with 22 counts of burglary.

Ga. Const. 1983, Art. I, Sec. I, Par. XII, *Cochran v. State*, supra, it must be preceded by an appropriate waiver of the right to appellate counsel. The failure to advise of the right to appeal [is] harmless error because defendant has in fact appealed, and in a timely fashion. But this does not cover the failure to advise of the right to counsel on appeal, *Reid v. State*, 235 Ga. 378 (219 SE2d 740) (1975), because [defendant] is here pro se without a showing on the record of an opportunity to choose.

*Jacobs v. State*, 184 Ga. App. 869 (363 SE2d 155) (1987). Consequently, we must vacate the judgments in these cases sub judice since the consolidated record does not reveal any explanation to defendant of his entitlement to appellate counsel, the dangers of proceeding without counsel and a valid waiver of appellate counsel. We remand these cases to the trial court in order for appropriate instructions by the trial court, upon the record, to be given to defendant consistent with *Cochran v. State*, 253 Ga. 10, supra, and *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49). See also *Wright v. State*, 198 Ga. App. 531, 532 (402 SE2d 807).

Upon remand, the trial court should give appropriate instructions to defendant consistent with *Cochran v. State*, 253 Ga. 10, supra, regarding defendant's entitlement to appellate counsel and the dangers of proceeding without counsel.

Accordingly, the Clerk of this Court is directed to remove the appeals in the cases sub judice from the appellate docket and remand each to the trial court. If, after the trial court has complied with the directions herein and reconsidered its decision on the defendant's motion for new trial, the trial court may grant a new trial or enter a new judgment of conviction and sentence. If a new judgment of conviction and sentence is entered, defendant Costello may, within 30 days of the trial court's ruling, file a notice of appeal from that decision.

*Judgments vacated and cases remanded with direction. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 16, 1999.

Christopher L. Costello, *pro se.*
*Steven L. Harris, Solicitor*, for appellee.