## A08A2070. COOK v. THE STATE.
### (675 SE2d 245)

Doyle, Judge.

A Henry County jury found Marcus Lewis Cook guilty of burglary.[1] Cook appeals, arguing that the trial court erred by refusing to allow him to represent himself at the hearing for his motion for new trial or on appeal.[2] For the following reasons, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

Cook argues that the trial court erred by denying his motion to dismiss counsel and represent himself at the motion for new trial and on appeal. Cook maintains that he has been determined to be competent to stand trial, and his right to represent himself has, therefore, been violated by the trial court. Cook asks this Court to remand the case to the trial court so that he may be allowed to litigate the motion for new trial and the appeal while acting pro se.

After the jury returned a guilty verdict against Cook and after his counsel filed a motion for new trial, Cook filed numerous motions to dismiss counsel and represent himself. The court conducted a hearing on Cook's motions and inquired into a pending mental health evaluation of Cook. Cook wanted to waive the evaluation, but his counsel advised the court that conducting the evaluation was the "appropriate thing to do." The court denied Cook's motions and denied his request to waive the evaluation.

Prior to the hearing for the motion for new trial, the trial court issued an order explaining that it was denying Cook's motion to dismiss counsel and proceed pro se because a defendant does not have a right to self-representation on appeal. At the hearing for the motion for new trial, the court revisited Cook's motion to represent himself on appeal because Cook's mental health evaluation had been

---

[1] OCGA § 16-7-1 (a).

[2] Cook also argued that the trial court erred and his counsel was ineffective by incorrectly advising him that all his prior felony convictions would be admitted against him if he testified and that the trial court erred by failing to grant a mistrial after prejudicial testimony. We do not reach those enumerations because we must reverse on his first enumeration.

completed,[3] but the court reiterated its prior ruling. The court stated that "I don't see how it hurts [Cook] to have [counsel] representing him[,] so I'm going to stand by my previous rulings."

The trial court found and the State now argues that a criminal defendant does not have the right to self-representation on appeal. The United States Supreme Court held in *Martinez v. Court of Appeal*,[4] that the Sixth Amendment of the United States Constitution does not recognize the "right to self-representation on direct appeal from a criminal conviction."[5] Nevertheless, the Supreme Court also explained that the States were not precluded "from recognizing such a right under their own constitutions."[6]

In *Costello v. State*,[7] this Court, without discussion, recognized that "a defendant has a right to pursue an appeal pro se" when "preceded by an appropriate waiver of the right to appellate counsel."[8] That decision was based on the Georgia Constitution,[9] and an earlier Supreme Court of Georgia case, *Cochran v. State*.[10] Thus, while the State is correct that the federal constitution does not recognize the right asserted by Cook, Georgia law does recognize a defendant's right to represent himself on appeal.[11]

The trial court's order denying Cook's motions to proceed pro se was based solely on the determination that Cook did not have a right to so proceed.[12] Because Cook does have the right to proceed pro se under the Georgia Constitution, the trial court erred in denying his motions. Accordingly, the judgment is vacated and the case is remanded to the trial court for further proceedings. The trial court is directed to conduct a hearing and establish on the record whether

---

[3] The forensic psychologist who conducted the mental health evaluation noted that Cook "did not exhibit any symptoms or condition that would be sufficient to impair requisite legal abilities." She concluded, however, that she lacked sufficient data to make a conclusion regarding Cook's competence.

[4] 528 U. S. 152 (120 SC 684, 145 LE2d 597) (2000).

[5] Id. at 163 (III).

[6] Id.

[7] 240 Ga. App. 87, 87-88 (522 SE2d 572) (1999).

[8] Id.

[9] Ga. Const. 1983, Art. I, Sec. I, Par. XII ("No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state."). Compare with U. S. Const. Amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.").

[10] 253 Ga. 10 (315 SE2d 653) (1984) (addressing whether a pro se criminal appellant had validly waived the right to representation by appellate counsel).

[11] See Ga. Const. 1983, Art. I, Sec. I, Par. XII; *Costello*, 240 Ga. App. at 87-88.

[12] Compare with *Crutchfield v. State*, 269 Ga. App. 69, 71-72 (2) (603 SE2d 462) (2004).

or not Cook adequately waived his right to counsel and elected to exercise his constitutional right to represent himself on the motion for new trial and on appeal.[13] After complying with the directions herein and upon reconsideration of its decision on Cook's motion for new trial, the trial court may grant a new trial or enter a new judgment of conviction and sentence. If the trial court's order is adverse to Cook, a notice of appeal may be filed within 30 days of that order.

*Judgment vacated and case remanded. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 6, 2009.

*Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

---

[13] See *Cochran*, 253 Ga. at 11; *Clarke v. Zant*, 247 Ga. 194, 196-197 (275 SE2d 49) (1981).
[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).