## S09A0930. MERRIWEATHER v. CHATMAN.
### (684 SE2d 237)

BENHAM, Justice.

This appeal stems from our grant of an application for a certificate for probable cause filed by appellant Cleveland Merriweather who was convicted of burglary, aggravated assault, kidnapping, criminal damage to property, and possession of a firearm by a convicted felon.

Following his convictions, appellant filed a motion for new trial and a hearing was held at which appellant represented himself, although the trial court appointed the public defender as stand-by counsel to assist appellant if necessary. At the end of the hearing, the trial court denied the motion for new trial and asked appellant whether he wanted the public defender to be appointed counsel for his appeal or whether appellant wanted to proceed pro se. Appellant replied he wanted to proceed pro se. Appellant represented himself before the Court of Appeals which affirmed his conviction in an unreported decision.[1]

Appellant subsequently petitioned for habeas corpus relief, alleging his Sixth Amendment right to counsel was compromised by the trial court when it "forced" him to pursue his appeal pro se. Thus, the habeas court considered whether the trial court erred by requiring appellant to choose between being represented by the public defender, whom appellant apparently believed to be improperly appointed, or proceeding pro se on appeal. The habeas court denied habeas relief, concluding, "The petitioner, knowing full well

---

[1] *Merriweather v. State*, 284 Ga. App. XXIV (2007).

the dangers of proceeding without the benefit of counsel, chose to go forward pro se. Therefore, this Court finds no error in the trial court's refusal to appoint the petitioner's counsel of choice for the petitioner's direct appeal."

Appellant applied for a certificate of probable cause in which he alleged that he was not advised of the dangers associated with proceeding without appellate counsel prior to waiver of that right. We granted the certificate for probable cause, posing the following question:

> Did the habeas court err in finding that the petitioner knowingly and intelligently waived his right to counsel on appeal with full knowledge of the dangers of self-representation? See *Cochran v. State*, 253 Ga. 10 (315 SE2d 653) (1984); *Wayne v. State*, 269 Ga. 36 (495 SE2d 34) (1998).

Because we answer in the affirmative, the habeas court's judgment is reversed.

"[A] defendant has a right to pursue an appeal pro se . . . [if] preceded by an appropriate waiver of the right to appellate counsel." *Costello v. State*, 240 Ga. App. 87 (522 SE2d 572) (1999).

> Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." [Cit.]

*Faretta v. California*, 422 U. S. 806, 835 (V) (95 SC 2525, 45 LE2d 562) (1975). Thus, a defendant cannot be allowed to proceed pro se on appeal unless he is advised beforehand of the dangers of self-representation. *Cochran v. State*, supra, 253 Ga. at 11. See also *State v. Evans*, 285 Ga. 67 (673 SE2d 243) (2009). In the absence of a showing in the record that the trial court made such admonitions, the defendant has not validly waived his right to appellate counsel. *Cochran v. State*, supra, 253 Ga. at 11; *Costello v. State*, supra, 240 Ga. App. at 87 (judgment denying motion for new trial vacated and case remanded to trial court so that defendant could receive instructions regarding the dangers of proceeding on appeal without counsel). See also *Lamar v. State*, 278 Ga. 150 (1) (b) (598 SE2d 488) (2004) (trial court erred when it failed to advise defendant of the dangers of self-representation at trial); *Sawyer v. State*, 227 Ga. App.

493 (1) (489 SE2d 518) (1997) (same).

Although the record reflects that the trial court asked appellant several times whether he was sure he wanted to proceed without a lawyer, the record does not reflect that the trial court gave appellant any instruction or admonition about the dangers of self-repre-sentation. Thus, the habeas court erred when it denied appellant's writ based on its conclusion that appellant knew the dangers of proceeding without counsel prior to waiving his right to appellate counsel. *Cochran v. State*, supra, 253 Ga. at 11. Therefore, the judgment of the habeas court is reversed.[2]

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Sarah L. Gerwig-Moore*, for appellant.
*Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.

---

[2] We decline appellant's request to adopt a specific colloquy for trial courts to follow when admonishing defendants on the dangers of self-representation at trial or on appeal. See *State v. Evans*, 285 Ga. at 67 (record need only show that a defendant was made aware of the dangers of self-representation and nevertheless made a knowing and intelligent waiver of his right to counsel); *Lamar v. State*, 278 Ga. at 152 (colloquy regarding dangers of self-representation may vary based on the type of criminal case at bar).