### A10A1550. COOK v. THE STATE.
(699 SE2d 831)

MILLER, Chief Judge.

A jury convicted Marcus Cook of one count of burglary (OCGA § 16-7-1 (a)). Cook, proceeding pro se, appeals from the trial court's denial of his motion to vacate void sentence, contending that his recidivist sentence is void because the trial court erred in considering (i) a prior felony conviction that was admitted as similar transaction evidence and (ii) a separate felony conviction for which he received a probated sentence.[1] Discerning no error, we affirm.

---

[1] In a previous appeal, Cook argued, inter alia, that the trial court erred in refusing to allow him to represent himself at the hearing on his motion for new trial or on appeal. We vacated the judgment denying Cook's motion to represent himself and remanded the case for further proceedings. *Cook v. State*, 296 Ga. App. 496, 497-498 (675 SE2d 245) (2009). Cook subsequently appealed the denial of his motion for new trial, and in an unpublished opinion, we affirmed his conviction. *Cook v. State*, Case No. A09A2285 (decided March 2, 2010). Cook did not raise in his direct appeal the sentencing issue raised herein.

This case presents a question of law, which we review de novo on appeal. See *O'Neal v. State*, 285 Ga. 361, 362 (677 SE2d 90) (2009).

Prior to trial, the State filed a notice of intent to present evidence of Cook's prior felony convictions in aggravation of sentence pursuant to OCGA §§ 17-10-2 and 17-10-7.[2] The notice, which was served upon defense counsel, referred to the following crimes: (1) a 1993 burglary, (2) a 1995 burglary, (3) a 1996 burglary, (4) a 1998 interference with government property, and (5) a 1998 felony obstruction of an officer. Pursuant to the State's notice of intent to present three prior burglary convictions as similar transaction evidence, the trial court admitted a 1994 burglary conviction for the purpose of showing Cook's intent and bent of mind. During the sentencing hearing, for purposes of aggravation of punishment and for recidivist treatment, the State introduced, and the trial court admitted, without objection, Cook's five prior felony convictions, including the burglary conviction that had been admitted during the guilt-innocence phase of the trial. The trial court expressly treated Cook as a recidivist, and sentenced him to twenty years, ten years in confinement and the remaining ten years to be served on probation, without eligibility for parole. OCGA § 17-10-7 (a) and (c).

1. Cook argues that his sentence is void because during the sentencing hearing, the trial court considered a prior burglary conviction that had previously been admitted as similar transaction evidence at trial. As such, Cook contends that the State's use of the prior felony conviction in the guilt-innocence phase violated the dual use restrictions set forth in *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984). We disagree.

Although Cook did not object on these grounds below, the issue is not waived on appeal. See *Johnson v. State*, 298 Ga. App. 639, 644 (4) (680 SE2d 675) (2009) (when the trial court imposes a recidivist sentence based on three prior felony convictions, a challenge to the sentence as void cannot be waived by the failure to object). In *King v. State*, supra, we held that the State cannot use a prior felony conviction to convict a convicted felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence to the maximum punishment for the offense under the recidivist statute. Here, the State did not use Cook's prior burglary conviction to establish an element of the instant burglary, and, therefore, *King* is inapposite to these facts. Further, nothing in the burglary statute limits the use of prior convictions to the guilt-

FALK LAW LIBRARY

---

[2] OCGA § 17-10-7 (a) provides, in relevant part, that any person convicted of a felony, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense.

innocence phase such that they cannot be used again at sentencing. OCGA § 16-7-1 (a); see also *Morgan v. State*, 277 Ga. App. 670, 672 (2) (627 SE2d 413) (2006) (the trial court was not precluded from considering defendant's prior habitual violator conviction as both a similar transaction during the guilt-innocence phase of the trial and to enhance his sentence as the habitual violator statute did not preclude such dual use).

2. Cook contends that the trial court was not authorized to enhance his sentence based upon a probated sentence because OCGA § 17-10-7 (a) requires that he be "sentenced to confinement in a penal institution." We disagree.

It is undisputed that Cook had five felony convictions, four for which he received a sentence of incarceration. For felony obstruction of an officer, Cook received four years probation. In light of the foregoing, the trial court was required to sentence him to twenty years, the maximum sentence for burglary (OCGA § 16-7-1 (a)). See *State v. Chambers*, 275 Ga. App. 666 (621 SE2d 588) (2005) (given defendant's convictions of two prior burglaries and three other felonies, the trial court properly sentenced him as a recidivist under OCGA § 17-10-7 (a)). See also OCGA § 17-10-7 (c) (upon a fourth or subsequent felony conviction for a noncapital offense, defendant was required to "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served"). Further, the fact that "part of [Cook's] sentence on [felony obstruction of an officer] was probated does not mean that previous conviction could not be used to sentence him as a recidivist under OCGA § 17-10-7 (a)." (Citations omitted.) *Johnson v. State*, 272 Ga. App. 294, 295 (3) (612 SE2d 29) (2005). Since Cook was sentenced to four years confinement in a penal institution "with the privilege of serving it on probation[,]" his sentence was in compliance with OCGA § 17-10-7 (a). *Bennett v. State*, 132 Ga. App. 397, 398 (3) (208 SE2d 181) (1974). Based on the foregoing, the trial court did not err in sentencing Cook as a recidivist.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED AUGUST 4, 2010.

Marcus Cook, *pro se.*

*Tommy K. Floyd, District Attorney, Atha H. Pryor, Assistant District Attorney*, for appellee.