# Court of Appeals
# of the State of Georgia

ATLANTA,   December 13, 2016

*The Court of Appeals hereby passes the following order:*

## A17D0177.  ANTWAN CREIGHTON v. THE STATE.

Antwan Creighton was convicted of armed robbery, criminal attempt to commit armed robbery, burglary in the first degree, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and obstruction. Creighton filed a timely motion for new trial, which the trial court denied on October 7, 2016.  Creighton filed this application for discretionary appeal on November 18, 2016. However, we lack jurisdiction.

The denial of a motion for new trial may be directly appealed.  See OCGA § 5-6-34 (a); *Martin v. Williams*, 263 Ga. 707 (438 SE2d 353) (1994).  Ordinarily, if a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j).  To fall within this general rule, however, the application must be filed within 30 days of entry of the order to be appealed.  See OCGA § 5-6-35 (d) & (j); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Here, Creighton filed his application 42 days after entry of the order he seeks to appeal, and it is thus untimely.  Accordingly, the application is hereby DISMISSED for lack of jurisdiction.

Creighton signed his application on November 1, 2016, which was timely from the trial court's order, but his application was not filed in this court until 17 days later.  Given that he is incarcerated, Creighton is hampered in his ability to timely pursue appellate relief.  Creighton may be well-served to seek the appointment of appellate counsel to assist him in obtaining an out-of-time appeal. See *Merriweather v. Chatman*, 285 Ga. 765, 766 (684 SE2d 237) (2003) (criminal defendant has a right to appellate counsel, although the right may be waived after the defendant has been

advised of the dangers of self-representation); *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) ("[a]n out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal") (punctuation omitted).

Since Creighton may be entitled to pursue an out-of-time appeal, he therefore is informed of the following in accordance with *Rowland v. State*, supra:  This appeal has been dismissed because you failed to pursue it in a timely manner.  If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court grants your request, you will have 30 days from the entry of that order to file a notice of appeal referencing your conviction. If the trial court denies your request, you will have 30 days from the entry of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   12/13/2016*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , Clerk.