2018 UT App 151

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
CALVIN PAUL STEWART,
Appellant.

Opinion
No. 20160611-CA
Filed August 16, 2018

Fourth District Court, Provo Department
The Honorable Lynn W. Davis
No. 011403597

Douglas J. Thompson, Margaret P. Lindsay, and
Leah Jordana Aston, Attorneys for Appellant

Sean D. Reyes and Jeffrey D. Mann, Attorneys
for Appellee

JUDGE KATE A. TOOMEY authored this Opinion, in which
JUDGES JILL M. POHLMAN and RYAN M. HARRIS concurred.

TOOMEY, Judge:

¶1     Calvin Paul Stewart was convicted in 2003 of seventeen second and third degree felonies. Twelve years later, he filed a motion to reinstate the period for filing a direct appeal, which the court denied. He appeals the denial of that motion, arguing that a criminal defendant's right to appeal requires that the defendant be informed of the right to counsel on appeal. We agree and therefore reverse.

BACKGROUND

¶2      In 2001, the State charged Stewart with multiple securities violations, including securities fraud and the sale of unregistered securities. He was initially represented by private counsel, but counsel later withdrew because Stewart could not afford to pay him. The court appointed Stewart a public defender, but ultimately Stewart decided to represent himself at trial. Stewart was convicted and sentenced to prison on seventeen counts, with each sentence to run consecutively.

¶3      With the help of a non-attorney friend, Stewart filed a notice of appeal and a docketing statement, and this court set a briefing schedule. Stewart expected his friend to help file a brief, but the friend declined to do so when Stewart could not pay him. Stewart failed to file a brief by the deadline, and this court dismissed his appeal.

¶4      Over the next decade, Stewart filed various motions for relief, including a motion to appoint counsel, a motion to correct his sentence, and a motion for relief from what he characterized as a void judgment. The district court denied each of these motions. On one occasion, he appealed one of these rulings, and this court affirmed the district court's decision. *See State v. Stewart*, 2010 UT App 367U (per curiam).

¶5      In 2015, Stewart filed a pro se "Motion to Reinstate Period for Filing Direct Appeal" under rule 4(f) of the Utah Rules of Appellate Procedure, which is the motion at issue in this appeal. Stewart also filed a related motion to appoint counsel. The court appointed a public defender to represent Stewart and, after counsel filed an amended motion to reinstate Stewart's direct appeal, the court held an evidentiary hearing in early 2016.

¶6      At the hearing, Stewart testified that when the court released the appointed public defender as his 2003 trial was

approaching, the judge informed him that he would have to find new counsel by a specific date or proceed without representation. Stewart understood this to mean that if he chose not to have appointed counsel at trial, he could not have appointed counsel on appeal. Stewart testified that the court did not inform him of the right to counsel on appeal during his trial or at his sentencing hearing, and that had he known, he would have requested counsel to assist with his appeal.

¶7    Stewart's counsel argued that Stewart was deprived of his right to appeal under rule 4 of the Utah Rules of Appellate Procedure. Counsel argued that even though Stewart filed a notice of appeal, he was never informed of his constitutional right to counsel on appeal, and without the help of counsel, he was unable to file a brief to perfect his appeal. Counsel argued that, because Stewart did not know and was not informed he was entitled to appellate counsel, the time period for Stewart to file an appeal should be reinstated.

¶8    The district court denied Stewart's motion for three reasons. First, Stewart's "requests to represent himself in his 2003 jury trial and sentencing" and "his choice to proceed in his appeal pro se" constituted a "constructive waiver of his right to an attorney on appeal." Second, Stewart's motion failed on the merits because his own failure to respond to the briefing deadline caused his appeal to be dismissed. Third, Stewart's "mere claim" that he was not informed of his right to counsel did not meet the threshold burden of proof in showing he had been deprived of the right to appeal. Stewart appeals.

ISSUE AND STANDARD OF REVIEW

¶9    Stewart contends the district court erred by denying his motion to reinstate the time to file a direct appeal. We review the court's legal conclusion that Stewart was not deprived of his

right to appeal for correctness and its underlying factual findings for clear error. *State v. Kabor*, 2013 UT App 12, ¶ 8, 295 P.3d 193.

## ANALYSIS

### I. Stewart Was Deprived of the Meaningful Right to Appeal.

¶10 Stewart's only contention on appeal is that the district court erred in failing to reinstate the time to file his direct appeal under rule 4(f) of the Utah Rules of Appellate Procedure. Stewart argues that, under the Utah and United States constitutions, a criminal defendant must be informed both that he has a right to appeal his conviction and that he has the right to counsel on appeal. He argues that, because he was not advised of his right to counsel on appeal, he was effectively deprived of his right to appeal.[1]

---

1. The State argues that Stewart was not deprived of his right to appeal, because he filed a notice of appeal. The State cites *State v. Rees*, 2005 UT 69, 125 P.3d 874, which states that "the act of 'proceeding' with an appeal encompass[es] filing a notice of appeal, not more." *Id.* ¶ 18; *see also Manning v. State*, 2005 UT 61, ¶ 31, 122 P.3d 628 (outlining some of the circumstances in which a defendant can prove "that he has been unconstitutionally deprived, through no fault of his own, of [the] right to appeal"). Because Stewart filed a notice of appeal, the State argues he was therefore not "prevented in some meaningful way from proceeding" with his appeal. *See Rees*, 2005 UT 69, ¶ 17 (quotation simplified); *accord State v. Collins*, 2014 UT 61, ¶ 42, 342 P.3d 789. But *Rees* is inapplicable here because *Rees* did not contemplate a situation in which a defendant was denied the right to appeal by being denied the right to counsel. Indeed, in

(continued…)

A. A Defendant's Right to Appeal Includes Being Informed of the Right to Counsel on Appeal.

¶11 The Utah Constitution guarantees the right to appeal in all criminal prosecutions. Utah Const. art. I, § 12. "This shows that the drafters of our constitution considered the right of appeal essential to a fair criminal proceeding. Rights guaranteed by our state constitution are to be carefully protected by the courts. We will not permit them to be lightly forfeited." *State v. Tuttle*, 713 P.2d 703, 704 (Utah 1985). To protect this right, rule 4(f) allows a court to reinstate the thirty-day period for filing a direct appeal for a defendant who "was deprived of the right to appeal." Utah R. App. P. 4(f). *Manning v. State*, 2005 UT 61, 122 P.3d 628, which led to the promulgation of rule 4(f),[2] explains that a defendant has been denied the right to appeal when he "has been prevented in some meaningful way from proceeding with a first appeal of right." *Id.* ¶ 26 (quotation simplified); *see id.* ¶ 24 (explaining that when a defendant is "unconstitutionally denied his [or her] right to appeal" there must be a "means of regaining that right"). *Manning* outlines several possible circumstances that would demonstrate that a defendant "ha[d] been unconstitutionally deprived, through no fault of his own, of [the] right to appeal," including, among

---

(…continued)

*Rees*, the defendant was represented by counsel, but alleged that his counsel was ineffective. *See* 2005 UT 69, ¶ 9. The court in *Rees* did not address whether the right to appeal includes the right to be represented by counsel, or specifically whether a defendant must be informed of the right to counsel on appeal.

2. The Advisory Committee Note to rule 4 of the Utah Rules of Appellate Procedure explains that "[p]aragraph (f) was adopted to implement the holding and procedure outlined in *Manning v. State*, 2005 UT 61, 122 P.3d 628."

others, situations in which "the court or the defendant's attorney failed to properly advise defendant of the right to appeal." *Id.* ¶ 31.

¶12    The Utah Constitution also requires that an accused "be provided with the assistance of counsel at every important stage of the proceedings against him." *Ford v. State*, 2008 UT 66, ¶ 16, 199 P.3d 892 (quotation simplified). And our supreme court has recognized that the assistance of counsel is crucial to an appeal. *See Manning*, 2005 UT 61, ¶ 16 ("[T]he right to representation is an integral part of the right to appeal . . . ."). As the Supreme Court of the United States has stated,

> The assistance of appellate counsel in preparing and submitting a brief to the appellate court which defines the legal principles upon which the claims of error are based and which designates and interprets the relevant portions of the trial transcript may well be of substantial benefit to the defendant. This advantage may not be denied to a criminal defendant, solely because of his indigency, on the only appeal which the State affords him as a matter of right.

*Swenson v. Bosler*, 386 U.S. 258, 259 (1967) (per curiam); *see also Douglas v. California*, 372 U.S. 353, 356–58 (1963) (holding that the right to the assistance of counsel guaranteed by the Sixth Amendment extends through appeal).

¶13    A defendant must be aware of this right in order to exercise it. At the trial level, a defendant may only "knowingly and voluntarily" waive the right to counsel. *See State v. Graham*, 2012 UT App 332, ¶ 19, 291 P.3d 243 ("Because a defendant's choice of self-representation often results in detrimental consequences to the defendant, a trial court must be vigilant to assure that the choice is freely and expressly made with eyes

open." (quotation simplified)). Though a defendant may be informed of his right to counsel at the trial level, we cannot assume that he is aware that he is also entitled to the assistance of counsel on appeal unless he has been informed. If an indigent defendant is not made aware of the right to counsel, he "has been prevented in some meaningful way from proceeding with a first appeal of right." *See Manning*, 2005 UT 61, ¶ 26 (quotation simplified). As other courts have recognized, "[t]he right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such right exists." *United States ex rel. Smith v. McMann*, 417 F.2d 648, 654 (2d Cir. 1969); *see id.* ("We think the only practical, logical and fair interpretation to be given to *Douglas v. California*[, 372 U.S. 353 (1963),] is that it imposes upon the state a duty to warn every person convicted of [a] crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state."); *see also United States v. Aloi*, 9 F.3d 438, 444 (6th Cir. 1993) (reiterating the constitutional requirement to be advised of appellate rights, including the right to counsel on appeal).[3]

---

3. *See also United States ex rel. Singleton v. Woods*, 440 F.2d 835, 836 (7th Cir. 1971) (determining that the failure to advise an indigent defendant of his right to court-appointed counsel on appeal violated the Equal Protection Clause of the Fourteenth Amendment and the Sixth Amendment right to counsel); *Nichols v. Wainwright*, 243 So. 2d 430, 431 (Fla. Dist. Ct. App. 1971) (requiring that an indigent defendant, who has indicated the desire to appeal, be informed of the right to counsel on appeal); *Cochran v. State*, 315 S.E.2d 653, 654 (Ga. 1984) (requiring a defendant to be "made aware of his right to counsel on appeal and the dangers of proceeding without counsel"); *State v. Allen*, 239 A.2d 675, 677 (N.J. Super. Ct. Law Div. 1968) (concluding that "both the Fourteenth and Sixth Amendments require one to be advised of his state-created right of appeal in addition to the

(continued…)

¶14   We therefore conclude that a defendant is entitled to be informed of his right to counsel on appeal, and this right is inherent in a defendant's right to an appeal.[4]

B.   The District Court Erred By Denying Stewart's Motion to Reinstate the Time for Direct Appeal.

¶15   The district court gave three reasons for denying Stewart's motion to reinstate the time period to file a direct appeal. First, it determined it need not reach the issue of whether the right to appeal requires a defendant to be notified of the right to counsel on appeal, because Stewart knowingly or constructively waived his right to counsel on appeal by repeatedly requesting to represent himself at trial and sentencing and then proceeding pro se in his appeal.

¶16   A defendant does not constructively waive the right to an attorney on appeal by opting to represent himself at the trial level, and the State does not cite any controlling authority to the contrary. Moreover, Stewart's "choice" to proceed pro se on

_____

(…continued)
right to counsel on an appeal"); *cf. Sibley v. State*, 775 So. 2d 235, 241–43 (Ala. Crim. App. 1996) (requiring waiver of the constitutional right to counsel on appeal to be knowing and intelligent); *Casner v. State*, 155 P.3d 1202, 1206–07 (Kan. Ct. App. 2007) (determining the defendant was not fully informed of his rights on appeal when he was told he could appeal but was not informed he had the right to an attorney on appeal).

4. Rule 22(c)(1) of the Utah Rules of Criminal Procedure was amended effective May 1, 2018, to require the sentencing court to "advise the defendant of defendant's right to appeal . . . and the right to retain counsel or have counsel appointed by the court if indigent."

appeal did not constitute a waiver of his right to counsel on appeal. We agree with Stewart that to effectively "choose" to represent himself instead of requesting counsel requires knowledge that he is entitled to have counsel appointed. Though the court stated that Stewart "repeatedly was notified of his right to counsel," those notifications occurred at the trial level, with respect to the trial, and there is no evidence the court informed him he was entitled to the assistance of counsel on appeal. *See infra* ¶ 22. We therefore conclude the court erred in determining that Stewart constructively waived this right on appeal.

¶17 Second, the court stated that Stewart's motion failed under *Manning*. *Manning* allows a court to "reinstate the time frame for filing a direct appeal where the defendant can prove . . . that he has been unconstitutionally deprived, *through no fault of his own*, of [the] right to appeal." *Manning v. State*, 2005 UT 61, ¶ 31, 122 P.3d 628 (emphasis added). In this case, the district court determined that "due to a clear pattern of conduct in this case, Stewart [had] created, in his own actions, his own fault in failing to meet the briefing deadline set forth by the Court of Appeal[s]," and so Stewart's appeal "was ultimately dismissed . . . due to Stewart's own failure to respond."

¶18 But we have determined that failure to inform a defendant of the right to counsel on appeal does not "properly advise" the defendant, and thereby unconstitutionally deprives the defendant, of the right to appeal. *See id.*; *see also supra* ¶ 14. Through no fault of his own, Stewart was not informed of the right to counsel and was, in that respect, effectively deprived of the right to appeal. Although Stewart filed a pro se notice of appeal and docketing statement, he cannot be faulted for not perfecting his appeal by filing a timely brief where he was unaware of his right to be assisted by counsel on appeal. *See Swenson v. Bosler*, 386 U.S. 258, 259 (1967) ("The assistance of appellate counsel in preparing and submitting a brief to the appellate court . . . may well be of substantial benefit to the

defendant. This advantage may not be denied to a criminal defendant, solely because of his indigency . . . .”). Stewart testified that he would have requested counsel if he had been properly informed, and the State noted counsel would have been appointed had he requested it. Stewart thus missed the deadline for filing his appellate brief because he was not assigned appellate counsel who would have helped him navigate the procedural requirements of an appeal and who would have prepared and submitted a brief on his behalf. We therefore disagree with the district court that Stewart created “his own fault” by missing the briefing deadline set by this court.

¶19    Third, the district court stated there was insufficient evidence that Stewart had not been deprived of the right to appeal. Specifically, the court ruled that a “mere claim by Mr. Stewart, 11 years after sentencing, that he is quite sure the sentencing judge did not inform [him] of his right to the appointment of appellate counsel is simply insufficient” to meet the preponderance-of-the-evidence standard required by rule 4(f) of the Utah Rules of Appellate Procedure.

¶20    We give deference to the court’s factual findings and will “not overturn them unless they are clearly erroneous.” *State v. Kabor*, 2013 UT App 12, ¶ 8, 295 P.3d 193. Rule 4(f) of the Utah Rules of Appellate Procedure requires a district court to “enter an order reinstating the time for appeal” if it “finds by a preponderance of the evidence that the defendant has demonstrated that the defendant was deprived of the right to appeal.” Under this standard, “the court needs only to balance the evidence, using discretion to weigh its importance and credibility, and decide whether the [defendant] has more likely than not” been deprived of the right to appeal. *See State v. Archuleta*, 812 P.2d 80, 82–83 (Utah Ct. App. 1991) (outlining the preponderance-of-the-evidence standard of proof in the context of a probation violation).

¶21 Here, Stewart testified the district court did not "inform [him] about [his] right to a have an attorney represent [him] on appeal," and that he would have asked for one to be appointed had he been informed of that right. Admittedly, his testimony was self-serving and not detailed. Stewart stated he could not "remember a whole lot of exactly what [the trial judge] asked [him]," and he did not have a "full memory of everything" that was said to him from the bench. He testified that he wrote down "certain things [he] wanted to remember" in a notebook and that whether the court informed him of his right to an attorney on appeal was "a fact that [he would] remember": the court did not. There are no transcripts from the sentencing hearing,[5] and the State offered no evidence suggesting Stewart was informed of his right to appellate counsel.

¶22 Although the district court has discretion to weigh the importance and the credibility of the evidence, it characterized Stewart's testimony as a "mere claim" and stated the "lack of evidence" did not meet the preponderance standard of proof. We disagree. Stewart's uncontroverted testimony was evidence that he was not informed of his right to appellate counsel. Stewart bore the burden of proof and offered his testimony as evidence. No other evidence was offered, either by Stewart or by the State, and the court did not make findings that Stewart's testimony was incredible or unreliable.[6] This means that the only

---

5. Though Stewart filed a pro se motion requesting "the entire transcript of all recorded hearings," only the transcripts from the two-day jury trial were provided, and the recording of the sentencing hearing is no longer available.

6. The court stated that "[a] mere claim by Mr. Stewart, 11 years after sentencing, that he is quite sure the sentencing judge did not inform [him] of his right to the appointment of appellate counsel is simply insufficient" to meet the preponderance-of-the-

(continued…)

evidence presented tended to prove that Stewart was not informed of the right to counsel on appeal, thus making it "more likely than not" that Stewart was not so informed. Because the State offered no evidence to the contrary and because the court did not find that the evidence presented was incredible or unreliable, the court clearly erred in determining Stewart did not demonstrate by a preponderance of the evidence that he was not informed of the right to counsel on appeal.

¶23    Because the three reasons for the court's determining that Stewart was not deprived of his right to appeal are flawed, we conclude it erred in making this determination. Thus, we reverse its decision.

CONCLUSION

¶24    We conclude that a defendant is unconstitutionally deprived of his right to appeal if he is not informed that he has the right to the assistance of counsel on appeal. We also conclude Stewart did not constructively waive his right to counsel on appeal, did not create his own fault by missing the briefing deadline, and provided sufficient evidence to meet the preponderance standard under rule 4(f) of the Utah Rules of Appellate Procedure. We therefore reverse the district court's decision and remand for the court to reinstate the period for Stewart to file a direct appeal.

—————————

(…continued)
evidence standard, and that this "lack of evidence" was critical and dispositive. The court's statement suggests Stewart needed to provide more evidence to meet the preponderance standard, not that the court found Stewart's testimony to be incredible or unreliable.