2018 UT App 186

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
WILLIAM MONROE LAWSON,
Appellant.

Opinion
No. 20170614-CA
Filed September 27, 2018

Fourth District Court, Provo Department
The Honorable Christine S. Johnson
No. 981403909

Margaret P. Lindsay and Douglas J. Thompson,
Attorneys for Appellant

Sean D. Reyes and Marian Decker, Attorneys
for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES GREGORY K. ORME and RYAN M. HARRIS concurred.

HAGEN, Judge:

¶1 William Monroe Lawson appeals the district court's denial of his motion to correct an illegal sentence pursuant to rule 22(e) of the Utah Rules of Criminal Procedure. He argues that his sentence of five years to life exceeded the maximum penalty for the offense to which he pled guilty. Because we lack an adequate record to determine whether the sentence was illegal, we affirm.

¶2 On June 4, 2001, Lawson pled guilty to an amended information charging him with aggravated sexual abuse of a child. Sexual abuse of a child is a second degree felony punishable by a prison term of one-to-fifteen years unless certain

aggravating circumstances are "charged and admitted or found true." Utah Code Ann. § 76-5-404.1(3) (Michie 1996). Those aggravating factors include, among other things, that the offender was previously convicted of a "sexual offense" or "occupied a position of special trust in relation to the victim." *Id.* §§ 76-5-404.1(3)(e), -404.1(3)(h). Aggravated sexual abuse of a child is a first degree felony punishable by an indeterminate prison term of five years to life.

¶3     In the original information, the State alleged as an aggravating factor that Lawson had a prior conviction for a sexual offense. *Id.* § 76-5-404.1(3)(e). If Lawson had been convicted as charged, the prior conviction would have triggered a mandatory prison term of three years to run consecutively with the five-years-to-life sentence for aggravated sexual abuse. *Id.* § 76-3-407.

¶4     But as part of a written plea agreement, Lawson agreed to plead guilty to aggravated sexual abuse of a child in exchange for the State's agreement to "amend the information/charge and replace the language regarding a previous conviction with the language that [he] occupied a position of special trust in regards to the victim. This takes away the minimum mandatory sentence for a repeat sex offense." The minute entry from the change of plea hearing reflects that the information was "amended by interlineation by adding that the defendant occupied a special trust position," and the amended information in the record reflects that change. In the written plea agreement, Lawson admitted that all the "elements" listed were true. The list of elements included the admission that Lawson "held a position of special trust in relation to the victim, i.e., stepfather."

¶5     However, when the offense occurred in 1996, the law provided that a "stepparent . . . is not a person occupying a

position of special trust." *Id.* § 76-5-404.1(3)(h).[1] Because, as a matter of law, a stepparent did not qualify as a person in a position of special trust, Lawson argues that he did not admit the elements of aggravated sexual abuse of a child. Therefore, he argues, his sentence of five years to life is illegal because it exceeds the maximum penalty for the offense he admitted, a second degree felony of nonaggravated sexual abuse of a child.

¶6      Under rule 22(e), a motion to correct a sentence that exceeds the statutorily authorized maximums may be filed at any time. Utah R. Crim. P. 22(e). The rule "allows an appellate court to vacate the illegal sentence without first remanding the case to the trial court, even if the matter was never raised before." *State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008 (quotation simplified). Because normal preservation rules do not apply, "rule 22(e) claims must be narrowly circumscribed to prevent abuse." *Id.* (quotation simplified). In particular, "rule 22(e) presupposes a valid conviction and therefore cannot be used as a veiled attempt to challenge the underlying conviction by challenging the sentence." *Id.* (quotation simplified).

¶7      The State argues that the error alleged by Lawson goes to the validity of his plea and conviction, not the legality of the sentence, and therefore is not cognizable under rule 22(e). The district court agreed with the State and characterized Lawson's motion to correct an illegal sentence as "a motion to withdraw his plea in disguise." Although the relief Lawson seeks would have the practical effect of vacating his first degree felony conviction, we have granted similar relief under rule 22(e) in the past. For instance, in *State v. Patience*, 944 P.2d 381 (Utah Ct.

---

1. The current version of the statute defines "position of special trust" to include "a stepparent." Utah Code Ann. § 76-5-404.1 (LexisNexis Supp. 2018).

App. 1997), the defendant pled guilty to three counts of attempted forgery, third degree felonies, as part of a plea deal. *Id.* at 383. Unbeknownst to the parties and the court, the forgery statute had been amended, making attempted forgery a class A misdemeanor. *Id.* On appeal, the State conceded that the sentence was illegal but argued that it was entitled to rescind the plea agreement based on mutual mistake. *Id.* at 384–85. This court held that "the State bore the risk of the mistake as to the law in effect at the time the parties entered into the plea agreement" and that the defendant was entitled to resentencing for a class A misdemeanor. *Id.* at 388; *see also State v. Sinju*, 1999 UT App 150U, para. 9 (vacating a second degree felony conviction, entering judgment for a third degree felony, and remanding for sentencing where the State conceded that there was no factual basis for enhancement).

¶8 If the record in this case established that there had been a similar mistake of law, relief under rule 22(e) would be appropriate. At the time of sentencing in this case, Utah Code section 76-5-404.1(h) had been amended to include stepparents as persons in a position of special trust. *See* Utah Code Ann. § 76-5-404.1 (LexisNexis 1998). If the parties and the court mistakenly applied the version of the statute in effect at the time of sentencing, rather than the version in effect at the time of the offense, that mistake of law would support resentencing under rule 22(e). *See State v. Bryant*, 2012 UT App 264, ¶¶ 15–16, 290 P.3d 33 (holding that ex post facto application of an amended statute in effect at the time of sentencing produced an illegal sentence that must be vacated).

¶9 But the record does not establish that such a mistake occurred. We know from the plea agreement that Lawson agreed to plead to the position-of-special-trust aggravator to avoid the additional three-year mandatory sentence that would have been triggered if he had pled guilty to the prior-conviction aggravator. Lawson was entitled to waive any challenge to the

ex post facto application of the law to receive the benefit of the plea agreement. *See Jones v. State*, 2007 UT App 283U, para. 7 (per curiam) (rejecting postconviction relief where the defendant waived any ex post facto challenge to the application of law in effect at the time of sentencing to receive the benefit of his plea bargain). We do not know if this occurred, because we do not have the transcript of the plea colloquy.

¶10    A record of the June 4, 2001 hearing is no longer available and Lawson has not offered any evidence of what the missing transcript would show. If "an appellant fails to provide an adequate record on appeal, we presume the regularity of the proceedings below." *State v. Pritchett*, 2003 UT 24, ¶ 13, 69 P.3d 1278. As a result, "[w]hen crucial matters are not included in the record, the missing portions are presumed to support the action of the trial court." *Id.* (citing *State v. Linden*, 761 P.2d 1386, 1388 (Utah 1988) (per curiam)); *see also Gines v. Edwards*, 2017 UT App 47, ¶ 21, 397 P.3d 612 ("It is well established that in the absence of a transcript of a crucial proceeding, we will presume that a trial court's decision is reasonable, supported by the evidence, and did not constitute an abuse of discretion.").

¶11    A defendant can rebut this presumption by offering credible and reliable evidence of what occurred during the proceedings. For example, in *State v. Stewart*, 2018 UT App 151, even though the sentencing transcript was unavailable, the defendant testified that, during the sentencing hearing, the district court had not informed him of his right to counsel on appeal. *Id.* ¶¶ 21–22. In the absence of an adverse credibility finding by the district court, the defendant's uncontroverted testimony established by a preponderance of the evidence that he was not informed of his appellate rights at the time of sentencing. *Id.* ¶ 22. In contrast, Lawson did not request an evidentiary hearing before the district court nor did he submit an affidavit in support of his motion to correct an illegal sentence. Once on appeal, he did not seek to reconstruct the

change of plea hearing pursuant to rule 11(g) of the Utah Rules of Appellate Procedure. *See* Utah R. App. P. 11(g) (providing a mechanism to reconstruct the record when a transcript of the proceeding is unavailable).

¶12    Without a transcript of the plea colloquy or other evidence of what occurred below, we cannot determine whether Lawson's sentence is illegal due to a mistake of law or whether Lawson deliberately waived any challenge to the application of the amended statute in exchange for a more lenient plea deal. In the absence of an adequate record, we presume the district court did not impose an illegal sentence.

¶13    Affirmed.

————