# Court of Appeals
# of the State of Georgia

ATLANTA,  October 18, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0870. REID v. THE STATE.**

Ryan Craig Reid was convicted by a jury of enticing a child for indecent purposes (OCGA § 16-6-5) and aggravated child molestation (OCGA § 16-6-4 (c)).[1] The trial court denied Reid's motion for new trial, and this pro se appeal followed. Reid has also filed a motion to remand the case to the trial court for appointment of appellate counsel. We conclude that the record does not establish that Reid was advised of his constitutional right to counsel on appeal and that he subsequently waived it. See *Platt v. State*, 342 Ga. App. 664, 667 (1) (805 SE2d 112) (2017). We therefore remand the case to the trial court.

Although Reid initially retained counsel, the trial court allowed counsel to withdraw shortly before trial.  Five days prior to Reid's newly scheduled trial date, the trial court appointed counsel for Reid. Following Reid's conviction, his counsel filed a motion for new trial, after which Reid received appointed appellate counsel due to his indigence. It appears, however, that Reid then retained two attorneys, the second of whom entered a limited appearance for purposes of the motion for new trial only. The record does not contain an order from the trial court relieving Reid's appointed appellate counsel or his first retained post-trial counsel from representation, nor is there a motion from either counsel withdrawing from representation.

Following a hearing, the trial court denied the motion for new trial. Reid then

---

[1] The jury acquitted Reid of a separate count of aggravated child molestation, and the State nolle prossed two sodomy charges (OCGA § 16-6-2 (a) (1)).

filed his pro se notice of appeal. According to this Court's docketing system, Reid filed an affidavit of indigence on November 29, 2017.

During the pendency of his appeal, Reid filed two motions: an "Emergency Motion for a Stay of Proceeding," and a "Motion for Order for Remand." In the first of these motions, he noted that he was proceeding pro se, and he argued that he was not apprised of his right to have counsel appointed for his appeal.

The Sixth Amendment right to the effective assistance of counsel in criminal cases applies to every critical stage of the prosecution, including the direct appeal of a conviction. See *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008). Where an appellant lacks financial resources to obtain counsel, the State must provide counsel to him. Id. See also OCGA § 17-12-23 (a) (4) (public defender must provide counsel for indigent defendant's direct appeal of conviction). Nevertheless, an indigent defendant can proceed pro se *if* the record shows that the trial court advised the defendant of the danger of self-representation and the defendant has waived his right to counsel.[2] *Merriweather v. Chatman*, 285 Ga. 765, 766 (684 SE2d 237) (2009). "In the absence of a showing in the record that the trial court made such admonitions, the defendant has not validly waived his right to appellate counsel." (Citations omitted.) Id. The absence of any evidence in the record of such a waiver requires remand. *Costello v. State*, 240 Ga. App. 87 (522 SE2d 572) (1999). In addition, a non-indigent defendant can also waive the right by failing to act diligently to obtain counsel. See *Hatcher v. State*, 320 Ga. App. 366, 371, 372 (1) (739 SE2d 805) (2013).

Here, there is no evidence in the record on appeal to establish (1) whether appointed appellate counsel or the previous retained counsel received permission to withdraw from representation; (2) whether Reid qualifies as indigent for purposes of the appointment of counsel; (3) whether Reid attempted to retain counsel to handle

---

[2] There is no transcript of the hearing on the motion for new trial. Nevertheless, the State bears the burden of showing such a waiver, and the absence of transcripts is not fatal to the claim of error. See *McCants v. State*, 255 Ga. App. 133, 134 (1) (564 SE2d 532) (2002).

the appeal; or (4) whether Reid waived his right to counsel either after being advised of the dangers of doing so or by failing to act with diligence to retain counsel.

Accordingly, in the absence of evidence showing that Reid was apprised of his constitutional right and that he waived it, we remand the case with specific instructions for the trial court to conduct appropriate proceedings within 45 days of receiving the remittitur concerning whether there has been a violation of Reid's right to appellate counsel. After the trial court issues its order, Reid is instructed to file an amended notice of appeal within 30 days, and the trial court clerk is directed to transmit any documents filed after the last notice of appeal, including a copy of this order, to be re-docketed in this Court. Upon re-docketing, briefing by the parties should proceed in accordance with Court of Appeals Rule 23.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  10/18/2018*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*