# Court of Appeals
# of the State of Georgia

ATLANTA,  January 27, 2026

*The Court of Appeals hereby passes the following order:*

**A25A1302. JAMES GOODWIN v. THE STATE.**

James Goodwin filed a notice of appeal in this action, and the appeal was docketed on March 3, 2025. Goodwin failed to file an appellate brief within 20 days after the appeal was docketed, see Court of Appeals Rule 23(a), but on March 23, 2025, he filed an "Emergency Motion," which this Court denied. On certiorari, the Supreme Court vacated our decision, noting that this Court should have remanded the case for a number of reasons raised in Goodwin's emergency motion. *Goodwin v. State*, Case No. S25C1035 (decided September 30, 2025). Accordingly, our orders denying Goodwin's emergency motion and dismissing the appeal based on his failure to file an appellate brief are hereby VACATED, and the order of the Supreme Court is made the order of this Court.

Goodwin's emergency motion is GRANTED. The case is hereby remanded for the trial court to consider Goodwin's claim of indigency and request for appointed counsel. In so doing, we remind the trial court of the law set forth in the Supreme Court's order. See *Allen v. Daker*, 311 Ga. 485 (858 SE2d 731) (2021); *Brown v. State*, 301 Ga. 728 (804 SE2d 16) (2017); *Merriweather v. Chatman*, 285 Ga. 765 (684 SE2d 237) (2009); *Gibson v. Turpin*, 270 Ga. 855 (513 SE2d 186) (1999). In addition, the trial court is directed to consider Goodwin's motion to withdraw his guilty plea and any other claims or motions that need to be resolved. This includes holding an evidentiary hearing on Goodwin's claim of ineffectiveness of plea counsel, which was raised for the first time in his emergency motion. See *Mahdi v. State*, 312 Ga. 466, 469(2)(b) (863 SE2d 133) (2021) ("Generally, when a preserved ineffective assistance of counsel

claim is raised for the first time on appeal, we must remand for an evidentiary hearing on the issue.") (citation and punctuation omitted); see also *Dunbar v. State*, 363 Ga. App. 869, 873(2) (873 SE2d 247) (2022) (remanding ineffectiveness claim that was raised on appeal, which was the defendant's first opportunity to do so, where counsel stopped representing the defendant after the notice of appeal was filed and the claim could not be resolved on the existing record).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  01/27/2026

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*